25731. PEACHTREE NEWS COMPANY, INC. et al.
v. SLATON, District Attorney, et al.
25732. BUCKHEAD BOOK MART et al. v. SLATON,
District Attorney, et al.

ARGUED MAY 21, 1970—DECIDED JUNE 8, 1970—
REHEARING DENIED JUNE 25, 1970.

*Haas, Holland, Freeman, Levison & Gibert, Hugh W. Gibert, Richard N. Hubert,* for Peachtree News.

*George C. Walsh, Robert Eugene Smith,* for Buckhead Book Mart.

*Lewis R. Slaton, District Attorney, Hinson McAuliffe, Solicitor, Joel M. Feldman, Carter Goode, Tony H. Hight,* for appellees.

MOBLEY, Presiding Justice. The District Attorney of the Atlanta Judicial Circuit and the Solicitor of the Criminal Court of Fulton County brought a petition in Fulton Superior Court, naming several distributors of books and magazines as respondents, asking that rule nisi issue requiring the distributors to show cause why described magazines, alleged to be obscene under the provisions of Ga. L. 1968, pp. 1249, 1302 (*Code Ann.* § 26-2101), should not be seized by the prosecuting officers, or their agents, "to be used as evidence by the District Attorney in presenting to the Fulton County Grand Jury the violations of law herein described; and to be used as evidence by the Solicitor General in preparing accusations and presenting evidence to the Criminal Court of Fulton County on the violations of law herein described."

The trial judge denied the motion to dismiss, as amended, and after a hearing on the question of the obscenity of the magazines, held that all of them, except two which had been withdrawn, were obscene within the meaning of *Code Ann.* § 26-2101 (b). The respondents divided into two groups in the lower court, represented by two sets of attorneys, and two appeals were filed in this court. The records and enumerations of error are identical and the two cases will be considered together.

The enumerations of error contend that there was no statutory authority for the rule nisi proceeding, that the court erred in not dismissing the proceeding on the grounds of their motion asserting that it was violative of several provisions of the State and Federal Constitutions, and a number of other grounds, that alleged errors were committed in the trial of the matter, and that the finding that the magazines were obscene was erroneous.

It was stated in the petition for rule nisi that it was brought because of two decisions by the United States District Court for the Northern District of Georgia (Central Agency, Inc. v.

Slaton, C. A. No. 13025, N. D. Ga., Atlanta D., decided August 26, 1969; and Sherpix, Inc. v. Slaton, C. A. No. 13024, N. D. Ga., Atlanta D., decided September 2, 1969); holding that before a seizure of alleged obscene material could be made under *Code Ann.* § 26-2101, an adversary hearing on the question of its obscenity must first be had.

The rulings in the decisions of the United States District Court for the Northern District of Georgia in regard to an adversary hearing on the question of obscenity are based on the decision of the United States Supreme Court in A Quantity of Books v. Kansas, 378 U. S. 205 (84 SC 1723, 12 LE2d 809), where a majority of the Justices of that court held that the procedure followed in a Kansas case, in issuing and executing a warrant of seizure, in which 1,715 copies of a book were seized, prior to a hearing on the issue of obscenity, was unconstitutional under the First and Fourteenth Amendments of the United States Constitution.

The prosecuting officers in the present case consider that the District Court cases, following the United States Supreme Court decision in A Quantity of Books v. Kansas, supra, require them to bring this adversary proceeding prior to criminal prosecution of the respondents. We do not agree with this position.

The record shows that the prosecuting officers had obtained the publications listed in their petition for rule nisi by buying them from the respondent distributors. The petition states that the officers desire to seize the books to use them as evidence in criminal prosecutions, but there is no need to seize them for evidence when the officers already have them in their possession.

There is a vast distinction in requiring an adversary hearing for a determination of obscenity before seizure of books, and requiring such hearing when the books were not seized but were procured by purchase from the dealer by the prosecuting attorney and are in his possession. To seize books before they are declared obscene and remove them from sale by the dealer could work irreparable property loss to him, if the court held them not obscene upon a later hearing. The dealer has lost the sale of his books or magazines, and there may be no sale

for them after their return. Where, as here, the prosecuting officers procured the magazines by purchase, the dealer would suffer no injury, if the books are later held not to be obscene.

The reason given in the decision in A Quantity of Books v. Kansas, 378 U. S. 205, 213, supra, for a prior adversary hearing is that, "if seizure of books precedes an adversary determination of their obscenity, there is danger of abridgement of the right of the public in a free society to unobstructed circulation of non-obscene books." This reasoning would not apply in a case like the present one, where there has been no seizure, but only a purchase, and it is the object of the dealer to sell.

We therefore hold that under the circumstances shown by the record in the present case, no adversary hearing was necessary, and the trial judge should have granted the motion to dismiss.

We do not intend by this opinion to indicate that an adversary hearing could not be held by the method used in this case where there is need to seize alleged obscene material, such as moving pictures, magazines, etc., for evidence in a criminal prosecution.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents.*

UNDERCOFLER, Justice, dissenting. In my opinion the majority holding misconstrues the proceeding under review. Its purpose is not to obtain evidence of a past offense. Its purpose is to obtain a warrant under *Code Ann.* § 27-303 to seize allegedly obscene publications presently being distributed in violation of *Code Ann.* § 26-2101 (Ga. L. 1968, pp. 1249, 1302). The court should pass upon the legality of the proceeding presented by the appeal under my view.