SOONER STATE NEWS AGENCY, INC.,
a body corporate of the State of Oklahoma and Delta P. WIX, Plaintiffs,

v.

S. M. FALLIS, Jr., District Attorney, et al., Defendants.

No. 73-C-202.

United States District Court,
N. D. Oklahoma.

Dec. 3, 1973.

Don E. Gasaway, Tulsa, Okl., for plaintiffs.

R. W. Byars and Andrew B. Allen, Asst. Dist. Attys., Tulsa, Okl., for defendants.

Kenneth L. Delashaw, Asst. Atty. Gen., appeared on behalf of David Hall, Governor of the State of Oklahoma, and Larry Derryberry, Atty. Gen. of Oklahoma.

Before HOLLOWAY, Circuit Judge, BARROW, Chief District Judge and DAUGHERTY, District Judge.

## MEMORANDUM OPINION

PER CURIAM.

This is a suit for a preliminary injunction, permanent injunction and damages arising from a seizure of large quantities of newspapers, magazines, books and films alleged by defendants to be contraband under 21 O.S.A. § 1040.-51.[1] Plaintiffs seek a mandatory injunction for return of the materials, an injunction restraining defendants from enforcing 21 O.S.A. § 1021 et seq., an injunction restraining defendants from criminal prosecutions of plaintiffs based on the seizure, and alternatively, if 21 O.S.A. § 1021 et seq., are upheld, an order enjoining institution of criminal proceedings without a prior adversary hearing, and damages. Essentially the plaintiffs argue that:

(1) the defendants' actions show bad faith and harassment in violation of the plaintiffs' constitutional rights, entitling them to injunctive relief against the criminal prosecutions;

(2) the criminal prosecutions against plaintiffs should be enjoined on the grounds that the Oklahoma obscenity statutes involved, primarily 21 O.S.A. § 1040.51, are unconstitutional on their face, being impermissibly overbroad and vague;

(3) the obscenity statutes were unconstitutionally applied, there being no prior adversary hearing before seizure of the materials relied on as evidence against plaintiffs; and

(4) the plaintiffs are entitled to damages under the Civil Rights Act, 42 U.S.C.A. § 1983.

The Honorable Raymond Graham, District Judge, was joined as a defendant. Plaintiffs at trial were granted leave to dismiss their claim against him as to damages. In respect to the remaining claims against him, without determining whether any immunity applies, we are satisfied that no relief against him is needed or justified and deny such claims.

As to the other defendants, we conclude that injunctive relief sought against present or future criminal prosecutions should be denied; that the property seized by defendants should be returned to plaintiffs with the exception of copies of films and written matter to be retained by defendants to be used as evidence in the criminal prosecutions,

---

1. 21 O.S.A. § 1040.51 provides:

"§ 1040.51 Pictures, movies, etc. showing acts of sexual intercourse or unnatural copulation prohibited — Exceptions — Penalties. —Any person who knowingly buys, sells, barters, traffics in, or causes to be delivered or transported in Oklahoma, any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony, and shall be punished by a fine of not to exceed Twenty-five Thousand Dollars ($25,000.00), or by imprisonment for not to exceed fifteen (15) years, or by both such fine and imprisonment. Provided, that nothing contained herein shall prohibit the use of any of the above mentioned items pursuant to medical prescription by a duly licensed physician in the State of Oklahoma, or in recognized schools of medicine or veterinary science for educational purposes. The provisions of this Act shall not apply to any motion pictures produced or manufactured as commercial motion pictures which (1) have the seal under the Production Code of the Motion Picture Association of America, Inc.; or (2) are legally imported from foreign countries into the United States and have been passed by a Customs Office of the United States Government at any port of entry. Laws 1968, c. 257, § 1, emerg. eff. April 29, 1968."

The provisions of the last sentence of the statute have been held invalid as an impermissible delegation of legislative authority. Potter v. State, 509 P.2d 933 (Okl.Cr.).

provided a hearing as specified below is promptly held if requested by plaintiffs; that the remaining damages claim should be heard subsequently by the single Judge who was assigned this case; and that as to all other claims the plaintiffs are entitled to no relief.

A three-judge court has been convened under 28 U.S.C.A. § 2281 and jurisdiction of this action is provided by 28 U. S.C.A. §§ 1343, 2281 and 2284. Before the hearing by the panel, the Chief Judge of this District held a hearing on an application for a temporary restraining order on September 25, 1973. At the conclusion of the hearing the defendants represented to the court that there would be no destruction of any of the materials in question, pending a hearing by the panel set for October 3, 1973. Upon this representation the Court concluded that the restraining order should be denied.

The panel heard the case on October 3, combining the hearing on the application for the preliminary and permanent injunctions. See Rule 65 F.R.Civ.P. It was previously determined by the Court that the hearing would not include the issue of damages but that this issue would be remanded to the single Judge hearing the case, and the parties were so notified. At the hearing on October 3, the parties presented transcripts from the State court criminal proceedings and other exhibits and the Court has considered this evidence and stipulations made, and the briefs and arguments of the parties. From consideration of them the Court expresses the views herein as its findings of fact and conclusions of law under Rule 52 F.R.Civ.P.

The underlying facts are not in serious dispute. On July 12, 1973, defendant Fallis submitted an affidavit for a search warrant of a warehouse of plaintiff Sooner State News Agency, Inc. (Sooner), in Tulsa. After ex parte consideration of the affidavit, a District Judge of Tulsa County made a finding of probable cause that a violation of the State Penal Code was occurring and issued the search warrant directed to Sooner and ordering officers to search for and confiscate materials depicting sexual intercourse and/or unnatural copulation. Pursuant to the warrant, the defendant District Attorney, several police officers, the Judge and other officials proceeded to the property of Sooner. After their arrival on the premises, plaintiffs' counsel was notified that the Judge was on the premises preparing to conduct a hearing prior to confiscation.

For about ten and one-half hours on the afternoon of July 12 the District Judge, the District Attorney and several police officers were on the premises. On presentation of them by the District Attorney or his assistant, books, magazines, newspapers and films were examined by the Judge. He determined that a large volume of them depicted sexual intercourse or unnatural copulation and ordered that they be seized as contraband. They were loaded on trucks for removal. Objections were made to the proceedings by plaintiffs' attorney, who appeared briefly. The materials seized are described on the return to the warrant which refers to boxes of material seized and to the titles of numerous books, magazines, newspapers and films taken from Sooner's warehouse.

On July 16, 1973, this suit was commenced in federal court. On July 18 informations were filed charging Sooner and Delta Wix, its manager, with unlawful trafficking in obscene books and magazines. Following the institution of these criminal cases preliminary hearing was held in the State courts. In the case against Delta Wix, it was found that the evidence was insufficient to bind her over for trial, the Court concluding that the proof was insufficient to connect her with the charges. The State appealed this finding by the Special Judge to a District Judge who remanded for further proceedings.

In addition motions to suppress the evidence consisting of the seized materi-

als and for the return of the same were made in the Wix case. The motions were argued in September before a Special Judge on federal constitutional and state grounds and overruled. No trials have yet occurred in the Sooner and Wix cases and the rulings on the motions have thus not been renewed or appealed. The criminal case against Sooner has not been prosecuted by obtaining any arrest or service on the corporation. The case against plaintiff Wix remains in the status outlined above and the materials seized are still in the possession of the State officers.

We turn to a discussion of the issues presented by the plaintiffs' contentions and will detail the facts further as necessary in discussing them.

### 1. The plaintiffs' claims of bad faith and harassment

Aside from their constitutional attacks on the Oklahoma obscenity statutes, the plaintiffs maintain they are entitled to preliminary and permanent injunctive relief against criminal prosecution due to bad faith and harassment on the part of State officials in their proceedings against the plaintiffs under the statutes. Among other things they point to proof before us showing the mass seizure, the lack of prosecution of cases against them, and the procedures in obscenity cases generally in Tulsa County where a series of charges against others were filed, continuing arrests of others were made, and the alleged harassment thereby.

■ It is true that under Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116, 14 L.Ed.2d 22, such relief may be granted where there is action by prosecuting authorities taken in bad faith, without contemplation of convictions and under circumstances amounting to harassment and invasion of constitutional rights. *Dombrowski*, supra at 488–89, 85 S.Ct. 1116. See also

Younger v. Harris, 401 U.S. 37, 48–49, 91 S.Ct. 746, 27 L.Ed.2d 669. We do not, however, feel that the plaintiffs have established such a claim here.

■ There is no showing that the defendants would have no reasonable grounds to anticipate convictions of Sooner or Wix in the cases against them. No proof has been offered before us on the nature of the materials in question. However, descriptions of them in transcripts in evidence indicate conclusions by the District Judge viewing them at the warehouse that they were depictions of sexual intercourse or unnatural copulation within the reach of § 1040.51. We agree that the procedures for seizure failed to meet constitutional requirements as discussed below, and were excessively carried out. Nevertheless, we feel the plaintiffs have not shown that in fact or law there is no reasonable ground for defendants to maintain the criminal cases against Sooner and Wix.[2] In sum, we find and conclude that there has been no showing by plaintiffs of harassment or bad faith sufficient to call for enjoining the criminal prosecutions under *Dombrowski* and similar principles.

### 2. Injunctive relief against the criminal prosecutions on the ground of invalidity of the statute

The plaintiffs also assert a claim for injunctive relief against the prosecutions of Sooner and Wix on the ground of the unconstitutionality of the statute principally involved, § 1040.51. At the argument before this panel counsel for defendants stated that the criminal cases against Sooner and Wix are based solely on § 1040.51.

■ To justify injunctive relief against the State criminal actions the plaintiffs must demonstrate a threat to their federally protected rights that cannot be eliminated by defense of a single criminal prosecution. Younger v. Har-

---

2. Plaintiffs have not demonstrated that § 1040.51 must be viewed as clearly invalid since the statute may be given a saving construction. E. g. Cherokee News & Arcade, Inc. v. State, 509 P.2d 917 (Okl.Cr.); vacated and remanded — U.S. —, 94 S.Ct. 277, 38 L.Ed.2d 212 (1973).

ris, supra at 46, and cases there cited. The Supreme Court has re-emphasized the heavy burden on the plaintiffs who seek to enjoin criminal prosecutions in *Younger*, supra at 46, 91 S.Ct. at 751, as was made clear earlier in Watson v. Buck, 313 U.S. 387, 400, 61 S.Ct. 962, 85 L.Ed. 1416:

> " 'Federal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course, even if such statutes are unconstitutional. "No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid." Beal v. Missouri Pacific Railroad Corp., 312 U.S. 45, 49 [61 S.Ct. 418, 420, 85 L.Ed. 577].' "

We cannot agree that the plaintiffs have established a proper basis for equitable relief against prosecution of the criminal cases on their claim that the obscenity statutes are invalid. The one criminal case against Wix and the one against Sooner are the only proceedings against them shown in our record, except for a civil action against Sooner to abate a nuisance. There was no proof of any threat by defendants of multiple prosecutions or further proceedings against Sooner and Wix. While it is true that substantial property has been seized, the disposition of which will be discussed below, injunction of the prosecutions themselves is not needed or justified to protect the First Amendment or other constitutional rights invoked or the property and business interests involved.

Plaintiffs argue that the State will not proceed with their cases and therefore has them trapped. This argument lacks substance however, because it is clear that Sooner and Wix may demand a speedy trial and if it is not afforded them, they may obtain dismissals of the proceedings. See Okla.Const., Art. 2, §§ 6, 20; 22 O.S.A. §§ 812, 13; Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56.

■■ This federal suit was brought before institution of the criminal proceedings against Sooner and Wix and thus does not seek to enjoin State procedures pending when the federal claims were made. Nevertheless the plaintiff has a heavy burden of showing irreparable injury which is clear and imminent in order to enjoin even threatened prosecutions. Younger v. Harris, supra at 45, 91 S.Ct. 746; Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324. We feel that the single defense of the cases against Sooner and Wix has not been shown to be an inadequate means of protecting their constitutional rights so as to entitle them to injunctive relief. See Younger v. Harris, supra at 45-46, 91 S.Ct. 746. We are also asked to enjoin further prosecutions instituted without prior adversary hearings. However since no threats or likelihood of these are shown, we again conclude that such relief is not justified.

3. *The lawfulness of the seizure of the materials belonging to Sooner*

Plaintiffs argue that the seizure of newspapers, magazines, books and films was unlawful. They say there was no compliance with the constitutional requirement of a prior adversary hearing before seizure of mass quantities of materials as required by A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809; Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127, and similar cases. We have briefly outlined the general setting of the procedure by which Sooner's materials were seized but will now focus on that proceeding in more detail.

As noted above, on July 12 a search warrant was issued by the District Judge for seizure of materials depicting sexual intercourse and unnatural copulation. That afternoon and evening the Judge, the District Attorney and other officers were at Sooner's warehouse for about ten and one-half hours. Sooner's counsel was notified, as the Judge directed, and several defense attorneys appeared at the proceedings, making objections.[2a]

The procedure followed was that the District Attorney or his assistant would take one of the items from the display racks or shelves, read the title into the record being made by a court reporter, and present the item to the Judge. The magazine, book or newspaper would be examined by the Judge looking at a picture or some pictures in the item but without reading the entire item. After this examination of the item the Judge would state whether it depicted sexual intercourse or unnatural copulation and was contraband subject to seizure. When such a finding was stated, the Judge would order that the material be confiscated as contraband and the other officers would remove the boxes or copies of the item for loading on trucks. Some material was determined not to be contraband.

The examination of the films differed somewhat. There was a small battery operated hand projector available by which portions of the films could be viewed. It appears from our record that one or two of the films seized were examined in this manner to determine whether they portrayed what the cover photograph on the film showed. Otherwise a determination was made by examining the cover photograph alone.

■ The seizure covered a large quantity of such materials which are inventoried on a return to the search warrant. While its descriptions and the testimony are not completely clear, it appears that the seizure covered over 30 boxes of magazines, 11 of which describe a publication of a single title; approximately 35 boxes of film, at least three of which describe the box as containing only films of a particular title; over 75 boxes of books; and five boxes of newspapers. This was clearly a mass seizure under *Marcus* and *Quantity of Books*.

From all the circumstances we find and conclude that the mass seizure was made without a prior adversary hearing as required by A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809, and Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127. There was no sufficient notice and the hurried proceeding at the warehouse did not afford the type of prior adversary hearing as is contemplated by such decisions for a mass seizure.

We agree with the views expressed by the District Court in Cinema Classics, Ltd. v. Busch, 339 F.Supp. 43 at 48 (C.D.Cal.), aff'd., 409 U.S. 807, 93 S.Ct. 105, 34 L.Ed.2d 66:

"Under existing decisions, the material in question in this case is presumptively within the protection of the First Amendment. A mass seizure of such material, without a prior adversary hearing and a determination therein that the material is obscene, constitutes a prior restraint on the circulation of presumptively protected material and, as such, violates the federal Constitution. [citations omitted] The proper remedy for such illegal action, and, indeed, the only feasible way to undo the effects of an illegal prior restraint on circulation, is to return the material seized or, at minimum, to return it less a small amount needed as evidence of possible criminal violations."

2a. The Judge stated in testifying later at the preliminary hearing in the State criminal cases that in view of the huge volume of contraband, if advance notice had been given "the contraband would immediately be removed and placed in hidden places because of the seriousness of the offense."

Equitable relief against such unlawful mass seizure of large quantities of material is a proper remedy. Cinema Classics, Ltd. v. Busch, supra at 51; Gable v. Jenkins, 309 F.Supp. 998, 1001 (N.D. Ga.), aff'd 397 U.S. 592, 90 S.Ct. 1351, 25 L.Ed.2d 595; Overstock Book Co. v. Barry, 436 F.2d 1289, 1296 (2d Cir.); Cambist Films, Inc. v. Duggan, 420 F.2d 687, 689 (3d Cir.); Potwora v. Dillon, 386 F.2d 74 (2d Cir.); Bongiovanni v. Hogan, 309 F.Supp. 1364 (S.D.N.Y.). Moreover, an order requiring the seized materials to be returned to the plaintiffs, while permitting the defendants to retain copies of each item and inventories of the remainder to be used as evidence, will not interfere with pending State criminal prosecutions. Cinema Classics, Ltd., supra at 49.

Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745, does permit a limited exception to the strict requirement of a prior adversary hearing. This exception is applicable where a single copy of a publication is seized for the bona fide purpose of preserving it as evidence in a criminal proceeding; where the seizure does not prevent continuing distribution or exhibition; where such seizure is pursuant to a warrant, issued after a determination of probable cause by a neutral magistrate; and where following the seizure, a prompt judicial determination of the obscenity issue in an adversary proceeding is available on request. But *Heller* did not disturb the holding of *Marcus* and *Quantity of Books* as to mass seizures. 413 U.S. at 483, 93 S.Ct. 2789.

The defendants argue that the seizure is lawful since all of the material is needed to prove the charge that Sooner and Wix were trafficking in materials proscribed by 21 O.S.A. § 1040.51. We cannot agree. The proof of the size of the operation involved need not require the introduction of all these materials in

evidence and it is wholly unrealistic to suggest that they would be offered at trial. It would be sufficient for testimony to be given as to the number of identified items that were available for distribution. Proper provision for retention of copies needed for evidence and for the making of inventories of the returned copies can be made, without permitting such a seizure of large quantities of materials.

The defendants contend further that the seizure of the mass of materials is justified because it is contraband and subject to destruction.[3] We need not decide whether the materials are subject to such treatment and we could not, since none of them is in evidence before us. We have held that the present possession of the mass of the materials, except those to be retained as evidence, is invalid because the mass seizure was unlawful and this is enough to require return of the mass of the materials held under that unlawful mass seizure. We do not reach the question whether such materials could be destroyed as contraband if they were lawfully seized.

In connection with the argument relating to contraband the defendants have also suggested that the obscenity decisions are inapposite. The argument is that § 1040.51 declares specific materials depicting sexual intercourse and unnatural copulation to be contraband and subject to destruction, and that the statute is entirely separate from the obscenity laws and constitutional requirements for them. Again we disagree. Miller v. California clearly deals with the broad spectrum of legislation including statutes like § 1040.51 and its requirements cannot be escaped by the use of the contraband label. See 413 U.S. 15 at 24–25, 93 S.Ct. 2607, 37 L.Ed.2d 419; A Quantity of Books v. Kansas, 378 U.S. 205, 211, 84 S.Ct. 1723, 12 L.Ed.2d 809. These materials may be "contraband"

3. The defendants' counsel advised us at the hearing before this panel that the materials would not be destroyed until appeal rights were exhausted in the criminal cases under their procedure.

**530**

but such vehicles of expression, presumptively given First Amendment protection, can be so condemned for depicting subjects covered by *Miller* only if the *Miller* standards are met.

We find and conclude that the mass seizure of the materials involved was invalid under federal constitutional standards. We, however, find and conclude that a limited seizure for preservation as evidence under the requirements of *Heller* was substantially accomplished in this case by a determination of probable obscenity by a neutral magistrate before actual seizure. The defendants should be restrained from further retention of the mass of Sooner's materials and ordered to cause the return of them, except as to three copies of each of the written materials and one copy of each film, which may be retained for evidentiary purposes while the criminal actions against Sooner and Wix are pending, provided that the State affords a prompt adversary hearing as required by the *Heller* opinion, if requested. The defendants should also be permitted to make inventories in detail of the remainder of the material, before its prompt return.

### 4. The damage claims against defendants

■ There remain for consideration the claims for damages against defendants. This is not a matter requiring consideration by a three-judge court, see Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 25 L.Ed.2d 442, and would involve separate proof. It was for these reasons that we determined that the damage claims should not be heard by this panel but remanded to the single Judge hearing the case for disposition.

Pursuant to Rule 54(b), Fed.R.Civ.P., we determine that there is no just reason for delay and direct that judgment be entered as of this date as is being filed herewith.