## 52151. THE STATE v. SMALLEY.

McMURRAY, Judge.

During a search for illegal drugs while armed with a valid search warrant to search a commercial establishment in Cobb County, one of the police officers noticed a rack of comic books in plain view which contained pictures depicting human beings participating in various types of sexual activities. These items were seized upon instruction of the solicitor of the state court, and a warrant was issued, and the defendant was arrested.

Motion to suppress was filed, heard and granted. The state appeals. *Held:*

1. The sustaining of a motion to suppress evidence illegally seized authorizes a direct appeal by the state. See Code Ann. § 6-1002a (Ga. L. 1973, pp. 297, 298).

2. Unfortunately, the Georgia courts are bound by

the interpretation of the First Amendment as to freedom of speech by the United States Supreme Court in regards to safeguards of possible nonobscene materials. Police officers may not indiscriminately seize as contraband items they consider as obscene publications without adequate safeguards to assure constitutional protection to possible nonobscene material. The owner of the property must be afforded an adversary hearing as to obscenity before the warrant issues to seize the obscene material. See Marcus v. Search Warrant, 367 U. S. 717 (2) (81 SC 1708, 6 LE2d 1127); Quantity of Books v. Kansas, 378 U. S. 205 (84 SC 1723, 12 LE2d 809); Heller v. New York, 413 U. S. 483 (1), 489 (93 SC 2789, 37 LE2d 745); Paris Adult Theatre I v. Slaton, 413 U. S. 49 (1) (2) (93 SC 2628, 37 LE2d 446). The facts here are almost on "all-fours" with that of Roaden v. Kentucky, 413 U. S. 496 (93 SC 2796, 37 LE2d 757). The court did not err in sustaining the motion to suppress.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

Argued May 4, 1976 — Decided May 21, 1976.

*Paul F. Carden, Solicitor,* for appellant.
*Jim Jenkins,* for appellee.