## 52341. HALL v. THE STATE.

DEEN, Presiding Judge.

1. Hall, manager and projectionist of a movie theater, was arrested without warrant by a city detective and the film contemporaneously seized. The film had three showings, at 11:30 p.m. on Thursday, Friday and Saturday nights. At about 4:00 p.m. on Saturday the detective talked to an unidentified white male and was informed that the film was "too rough" for the general public. The detective intended viewing the 11:30 showing that night, but was delayed and entered the theater at about 12:55. After viewing four or five minutes of the film, during which there was an exhibition of a couple engaging in oral sex, he arrested the defendant and seized the film. The defendant's motion to suppress based on these facts was denied and we granted an interlocutory appeal.

2. Counsel for both parties agree that this case is to be controlled by Roaden v. Kentucky, 413 U. S. 496 (93 SC

2796, 37 LE2d 757). Roaden clearly holds that a police officer may not arrest without a warrant on a charge of possessing or offering for view pornographic material in a place of public accommodation such as a movie theater under circumstances where he substitutes his judgment as to the obscenity of the material for that of a neutral and detached magistrate. The exceptions under which an arrest and seizure of "contraband or stolen goods or objects dangerous in themselves" (Coolidge v. New Hampshire, 403 U. S. 443, 472 (91 SC 2022, 29 LE2d 564)) are, as stated in Roaden, p. 502, "to be distinguished from quantities of books and movie films when a court appraises the reasonableness of the seizure under Fourth or Fourteenth Amendment standards." No such exigent circumstances, as contended by the state, appear here. The clear purport of this decision is that the sometimes sophisticated value judgments necessary to establish guilt or innocence under obscenity laws must, to preserve First Amendment rights, be passed upon by a judicial officer rather than a member of the police department. To the same effect see Lee Art Theatre v. Virginia, 392 U. S. 636 (88 SC 2103, 20 LE2d 1313), and Marcus v. Search Warrant, 367 U. S. 717 (81 SC 1708, 6 LE2d 1127).

This court emphasized the necessary procedure in *Walter v. State,* 131 Ga. App. 667, 674 (206 SE2d 662) as follows: "Nothing herein should be construed as in any way limiting law enforcement officers' seizing obscene materials through the use of search warrants properly issued and executed." The Supreme Court in *State v. Walter,* 233 Ga. 10 (209 SE2d 605) granted certiorari and thereafter dismissed the appeal specifically for the reason that the proper methods to be used in seizing films of this nature had theretofore been set out in Roaden. It follows that seizure as obscene of a motion picture film being exhibited to the general public at a commercial theater, without the authority of a constitutionally sufficient warrant, is unreasonable, and the evidence is not admissible. The trial court erred in denying the motion to suppress.

*Judgment reversed. Quillian and Webb, JJ., concur.*

ARGUED JULY 14, 1976 — DECIDED SEPTEMBER 8, 1976.

*Sell, Comer & Popper, Ed S. Sell, III,* for appellant.
*James M. Wootan, Assistant Solicitor,* for appellee.