COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


AMERICAN ARMOURED FOUNDATION, INC. AND
  TECHNOLOGY INSURANCE COMPANY

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1968-11-2           JUDGE ROSSIE D. ALSTON, JR.
                                              MAY 1, 2012
FRANK LETTERY


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          S. Vernon Priddy III (Two Rivers Law Group, P.C., on brief), for
          appellants.

          Gregory O. Harbison (The Harbison Law Firm, PLLC, on brief),
          for appellee.


        American Armoured Foundation, Inc. and its insurer, Technology Insurance Company,

(appellants) appeal a decision of the Virginia Workers' Compensation Commission (the

commission) requiring them to pay for Frank Lettery's (claimant) YMCA membership and

mileage for his unsupervised physician-directed independent pool therapy following a

compensable workplace injury.  Appellants contend that the commission erred in two respects.

First, appellants argue that the commission erred in rejecting their claim that claimant's pool

therapy did not qualify as "medical attention" because the pool therapy was not performed under

the direction and control of a physician.  And second, appellants contend that the commission

erred in reversing the deputy commissioner's opinion and in ordering appellants to pay for

claimant's YMCA membership and to reimburse him for mileage to and from the YMCA for the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

independent pool therapy. For the following reasons, we conclude that the commission committed no error and affirm the decision below.

## I. BACKGROUND[1]

On January 30, 2006, claimant suffered a compensable workplace accident injuring his right hip, groin, femur, and knee. In March 2006, claimant's orthopedic surgeon, Dr. Campbell, prescribed physical therapy, including aquatic therapy, to treat claimant's right hip fracture. Claimant underwent formal, supervised pool therapy for a period of approximately eight months. Following this period of supervised therapy, Dr. Joiner, claimant's treating physician, instructed claimant to perform independent pool therapy two to three days per week. Dr. Joiner wrote claimant a prescription in June 2007 for independent pool therapy for six months. Claimant informed the commission during his testimony that he followed a regimen he learned in the 2006 formal pool therapy program during this time and that he had to switch from supervised to independent therapy because the supervised therapy was costing appellants too much money.

When claimant saw Dr. Joiner for a follow-up visit in September 2007, he told Dr. Joiner that appellants never authorized the independent pool therapy.

In February 2008, a deputy commissioner awarded claimant continuing temporary total disability benefits and medical benefits, including reasonable mileage reimbursement. From that time through April 2010, claimant continued his pool therapy and followed up regularly with Dr. Joiner.

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

In early May 2010, Dr. Campbell saw claimant and noted that claimant reported increased hip pain after stopping his pool therapy in April 2010. Dr. Campbell recommended that claimant restart his pool therapy. In July 2010, Dr. Joiner saw claimant again and noted that his condition had worsened after he stopped the pool therapy because the insurance carrier refused to pay for his YMCA membership. Dr. Joiner continued "to recommend independent pool therapy as a cost-effective way to manage patient's [claimant's] condition."

In January and September 2010, claimant filed change-in-condition applications seeking compensation for the YMCA membership and a mileage reimbursement so that he could follow Dr. Joiner's recommendation to continue his independent pool therapy. The deputy commissioner held an evidentiary hearing on the matter in October 2010 and denied claimant's request, finding that the independent pool therapy did not qualify as necessary medical attention because it was not supervised by medical professionals.

On review, the commission reversed the deputy commissioner's decision, finding that when an evaluation of the evidence demonstrates that a treating physician has prescribed specific medical treatment for an injured employee, the burden then shifts to the employer to prove that the treatment is unreasonable or unnecessary. Applying that principle to this case, the commission found that claimant's treating physicians had prescribed both formal and independent pool therapy for claimant's workplace injury and found nothing in the record to suggest that this type of therapy was unreasonable or unnecessary for claimant. In reaching its conclusion, the commission pointed to its previous decisions in other cases requiring employers to pay for gym memberships for similar types of pool therapy. Accordingly, the commission

reversed the deputy commissioner's decision and ordered appellants to pay for claimant's YMCA membership and compensate him for reasonable mileage to and from the YMCA.

This appeal followed.

## II.  ANALYSIS

Although appellants assign two separate errors to the commission's determination, both require us to analyze whether claimant's independent pool therapy qualifies as necessary medical attention under Code § 65.2-603.  Accordingly, we will consider them together.

Appellants contend that the commission erred in requiring them to pay for claimant's YMCA membership and mileage to support his independent pool therapy because the pool therapy does not qualify as necessary medical attention.  "[T]he question of whether the disputed medical treatment was necessary within the meaning of Code § 65.2-603 is a mixed question of law and fact."  Papco Oil Co. v. Farr, 26 Va. App. 66, 73-74, 492 S.E.2d 858, 861 (1997) (internal quotation marks and citation omitted).  We review mixed questions of law and fact on appeals from the commission *de novo*.  Uninsured Employer's Fund v. Gabriel, 272 Va. 659, 662-63, 636 S.E.2d 408, 411 (2006).

Code § 65.2-603 states in pertinent part:  "As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention."  We have consistently held that "[i]t is the claimant's burden to demonstrate that the treatment for which he seeks payment is causally related to the accident, is necessary for treatment of his compensable injury, and is recommended by an authorized treating physician."  Portsmouth Sch. Bd. v. Harris, 58 Va. App. 556, 563, 712

S.E.2d 23, 26 (2011) (citing Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199-200, 336 S.E.2d 903, 906 (1985)).

We agree with the commission that here claimant met his burden to prove each of the three requirements to qualify his independent pool therapy as necessary medical attention under Code § 65.2-603. The reports from both of claimant's treating physicians indicated that his independent pool therapy is part of a continuing course of treatment which began with his compensable work-related injury. Moreover, appellants do not argue that claimant has failed to establish the requisite causal connection between the medical treatment he is requesting and his workplace accident. Similarly, appellants do not contend that claimant's independent pool therapy is unnecessary to treat his compensable injury. Significantly, claimant's doctors both noted that his pain and mobility worsened when he stopped the pool therapy after appellants ceased payments for his YMCA membership and mileage. Finally, it cannot be reasonably contested that claimant demonstrated that his pool therapy was "recommended by an authorized treating physician." Id. Claimant met his burden under this analytical framework by introducing Dr. Joiner's prescription for the pool therapy and Dr. Campbell's office notes which urged continuation of the pool therapy after he initially prescribed it in 2006. Interestingly, appellants initially complained about the cost of the supervised pool therapy, and claimant and his treating physician accommodated this concern by pursuing unsupervised pool therapy. Accordingly, we agree with the commission and affirm its decision requiring appellants to pay for claimant's YMCA membership and mileage to and from the YMCA so that he can continue with his independent pool therapy.

Appellants' primary argument rests on the deputy commissioner's conclusion that claimant's pool therapy was not compensable because it was not "medically supervised"

regarding the types of exercises, or the duration and frequency of the visits. Appellants cite the Supreme Court's decision in Warren Trucking v. Chandler, 221 Va. 1108, 227 S.E.2d 488 (1981), in support of this argument. However, Warren Trucking was a limited decision in which the Supreme Court established a test for home nursing care provided by a family member who is not a professional nurse. Id. at 1115, 227 S.E.2d at 492-93. Because this case does not involve home nursing care by a family member who is not a professional nurse, Warren Trucking is inapposite.

From the distinct and conspicuous circumstances in this case and meeting our responsibility to construe the Act liberally in favor of the injured employee, Corporate Resource Management Inc. v. Southers, 51 Va. App. 118, 126, 655 S.E.2d 34, 38 (2008) (*en banc*), we find that the commission did not err in concluding that claimant's YMCA membership and mileage in support of his independent pool therapy were "other necessary medical attention" pursuant to Code § 65.2-603.

### III. CONCLUSION

For the foregoing reasons, we affirm the commission's decision.

Affirmed.