## 43540. LEGGETT v. THE STATE.
(347 SE2d 580)

WELTNER, Justice.

Barbara Leggett was convicted by a jury of murder, in shooting and killing Billy Harrell with a shotgun. She was convicted also of theft by taking, theft of a motor vehicle, and concealing a death, and

was sentenced to life imprisonment, and to a term of years.[1]

1. The evidence was sufficient to sustain the conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Leggett complains that the trial court erred in excluding her testimony concerning statements that she attributed to the victim. The purpose of the testimony, she contended, was to show her state of mind in being subject to manipulation by the victim, which, in turn, explained her conduct in shooting the victim while he was asleep.

While that might be material under our cases of *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984), the exclusion was not harmful. The substance of the conversation was introduced by the state as a part of Leggett's statement to law enforcement officials. It is highly unlikely that any exclusion of this testimony, if error, contributed to the verdict of guilty. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Leggett claims that the admission of photographs of the decomposed body of the victim was unduly prejudicial. She claims that they had no probative value because they were duplicative of expert testimony and because the cause of death is not in dispute. The photographs demonstrated the location of the body and the location and nature of wounds to the victim. They were relevant and material to the issue of death, as well as to the issue of concealing a death. There was no error. *Brown v. State*, 250 Ga. 862, 866 (5) (302 SE2d 347) (1983).

4. Leggett asserts error in the trial court's failure to charge the jury that an accused may gain certain procedural advantages by presenting no witnesses. Without objection, the state asked Leggett on cross-examination whether she had presented witnesses. She stated that she had not. A defendant should not suggest in argument that he is sacrificing favorable testimony to preserve a procedural advantage. *Sanders v. State*, 156 Ga. App. 44, 45 (274 SE2d 88) (1980). Similarly, it was not error for the trial court to refuse to explain such a ploy by a jury instruction.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

---

[1] The crime was committed September 17, 1984. Leggett was convicted March 14, 1985. A motion for a new trial was filed March 29, 1985 and denied October 9, 1985. The transcript was certified July 4, 1985. A motion for an out-of-time appeal was filed April 15, 1986 and granted April 30, 1986. A notice of appeal was filed May 12, 1986. The case was docketed in this court May 22, 1986. The case was submitted July 3, 1986.

DECIDED SEPTEMBER 3, 1986.

*Susan C. Janowski*, for appellant.
*Harry D. Dixon, Jr.*, District Attorney, *Richard E. Currie*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *J. Michael Davis*, Assistant Attorney General, for appellee.