### 43694. SCULLY v. THE STATE.
(353 SE2d 29)

BELL, Justice.

Appellant James Garrett Scully was convicted of the crimes of murder and possession of a firearm during the commission of a

---

crime.[1] We affirm.

The victim, William David Brinson, and the appellant were old friends. On December 23, 1985, the appellant visited the victim at his residence, and they quarreled over several grievances. During the course of the quarrel the appellant, who had brought a pistol with him, shot the victim. There were no eyewitnesses to the quarrel and shooting. The appellant surrendered himself to the police and told them that he had killed the victim. The police then went to the victim's residence, where they found him dead of a single gunshot wound to the rear of his head. During his trial the appellant testified that he had shot the victim in self-defense after the victim had struck him and had threatened him with a gun which the victim owned. However, there was no evidence of a struggle in the room where the victim was found. Moreover, the victim's derringer was found in the bottom of his pants pocket, with a corroded cylinder and the barrel full of lint. Further, the appellant bore no signs of fighting, such as scratches, blood, or bruises.

1. The appellant contends that the trial court erred by failing to direct a verdict of acquittal at the conclusion of the state's evidence. We find, however, that "[t]he jury was authorized to refuse to accept the defendant's claim of self-defense, and reviewing the evidence in the light most favorable to the prosecution we find that a rational trier of fact could have found the essential elements of the [crimes in question] beyond a reasonable doubt. *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. The appellant asserts that the trial court erred by denying his motion to suppress a statement concerning the victim's name and location which he gave to police officers in response to custodial questioning after he had been given his *Miranda* rights and had requested the assistance of counsel. This enumeration is without merit, since, even assuming that the statement was obtained in violation of the appellant's constitutional rights, its admission into evidence was harmless beyond a reasonable doubt. Appellant does not dispute that he shot the victim and left the body at the victim's residence. We therefore find that there is no reasonable possibility that the admission into evidence of the appellant's statement could have contributed to his conviction. *Muff v. State*, 254 Ga. 45 (2b) (326 SE2d 454)

---

[1] The crimes were committed on December 23, 1985. Appellant was indicted on May 22, 1986. He was tried on June 24-25, 1986, and a verdict of guilty was returned on June 25, 1986. On June 25 he was sentenced to serve a life sentence for the murder and a consecutive five-year sentence for possession of a firearm during commission of a crime. He filed his notice of appeal on June 25. On July 4, 1986, the court reporter certified the trial transcript, and on July 15, 1986, the appeal was docketed in this court. The appeal was submitted for decision without oral arguments on September 29, 1986.

(1985).

3. The trial court did not abuse its discretion when it made an exception to the rule of sequestration by allowing the chief investigating officer to remain in the courtroom during the testimony of other witnesses for the prosecution. *Norman v. State,* 255 Ga. 313 (3) (338 SE2d 249) (1986).

4. There was no error in admitting into evidence a photograph, taken at the crime scene, which showed the bullet wound in the back of the victim's head. *Leggett v. State,* 256 Ga. 274 (3) (347 SE2d 580) (1986).

5. The appellant asserts that the court should have given his requested charge on flight. Appellant wanted the court to charge, inter alia, that "[t]he *lack of flight and [the] voluntary surrender* of an individual to the proper authorities, may also be considered as evidence of the innocen[c]e of the defendant of any criminal wrongdoing. Whether such inference is drawn is a matter for the jury solely and exclusively to determine." (Emphasis supplied.) We hold that the superior court did not err, as "such a charge would address a factual, not a legal issue. *Hall v. State,* 141 Ga. 7 (80 SE 307) (1913)." *Pitts v. State,* 253 Ga. 461 (4) (321 SE2d 708) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987.

*Loftiss, Van Heiningen & Ward, Walter E. Van Heiningen,* for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.