### 44088. ARTHUR v. THE STATE.
(353 SE2d 331)

BELL, Justice.

L. C. Arthur was convicted of the August 14, 1984, murder of Gloria Diane Montgomery, and was sentenced to life imprisonment.[1] Arthur appeals; we affirm the conviction.

Arthur, the victim, and the victim's six-year-old son had lived together in Arthur's mobile home in Stephens County for approximately five years. On August 10, 1984, just 4 days prior to her death, the victim moved from the home she shared with Arthur, and went to stay with relatives in Franklin County.

At trial, as well as in a sworn statement made prior to trial, Arthur stated that on the day of the shooting, he drove to Franklin County looking for the victim in an effort to find out why she left him, to ask her to return home, and to retrieve a payment book for the mobile home which he thought the victim may have taken with her. The victim had left Arthur's home in his pickup truck, and Arthur spotted it while driving around Franklin County. It was being driven by Joseph Ravenell, a cousin of the victim. Arthur stopped Ravenell and asked him if he knew where the victim was staying. Ravenell agreed to take Arthur to the home of Shirley Montgomery, another cousin, with whom the victim was staying.

When Arthur and Ravenell arrived at the Montgomery home, Ravenell entered the house. Arthur remained seated in his car, which he parked in the front yard of the house. The victim subsequently emerged from the house, entered the car, and sat in the front seat. As she talked to Arthur, she kept the car door open and one foot on the ground. Ravenell, who had remained in the house, heard the victim call his name, and then heard a gunshot.

At trial Ravenell stated that he came out of the house and saw the victim lying on the ground, with Arthur standing over her. As Ravenell yelled at Arthur "not to do it," Arthur walked around the victim's body, shot her, and professed his love for her. Arthur then

---

[1] The murder was committed on August 14, 1984, and Arthur was indicted on September 26, 1984. He was found guilty and sentenced on October 3, 1985. The transcript was certified by the court reporter on February 6, 1986. Arthur filed a motion for a new trial which was overruled on October 20, 1986. His notice of appeal was filed on October 21, 1986. The case was docketed in this court on November 20, 1986, and submitted for decision without oral arguments on January 2, 1987.

shot himself twice. The victim died from internal hemorrhaging caused by two gunshot wounds to the chest.

Arthur related a different story. He stated that the gun involved in the shooting was kept loaded on the front seat of the car which the victim regularly drove to and from work. She had requested that the loaded gun be kept in the car for her protection. Arthur stated that when he and the victim were sitting in the car talking, the victim told Arthur to leave, and started to get out of the car. He tried to prevent her from closing the car door, because he had not finished talking to her, and a struggle ensued. According to Arthur, at the time of the struggle he was trying to put the gun in his pocket because he was concerned that someone might be in the house who wanted to hurt him. During the struggle the gun accidentally discharged. Arthur stated that he did not remember shooting either the victim or himself while outside of the car.

1. On appeal, Arthur enumerates two errors. Initially, Arthur contends that there was insufficient evidence to support his conviction. We disagree. The evidence presented at trial, when viewed in a light most favorable to the state, was sufficient to enable a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Arthur also contends that a pre-autopsy photograph of the victim was improperly admitted into evidence. In the present case, the victim was shot twice. Because the photograph demonstrated the nature and location of her wounds, which were relevant and material to the issue of death, we conclude that the trial court did not err in allowing the photograph to be introduced into evidence. *Goodman v. State*, 255 Ga. 226 (7) (336 SE2d 757) (1985); *Leggett v. State*, 256 Ga. 274 (3) (347 SE2d 580) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1987.

*Floyd W. Keeble, Jr.*, for appellant.

*Lindsay A. Tise, Jr.*, District Attorney, *Michael J. Bowers*, Attorney General, *Dennis R. Dunn*, Assistant Attorney General, for appellee.