S91A0234. BROWN v. THE STATE.
(402 SE2d 725)

</div>

HUNT, Justice.

Rudy Brown shot and killed his girl friend, Patricia Phillips with a handgun. He was convicted of malice murder and sentenced to life in prison.[1] He appeals, enumerating as error the sufficiency of the evidence, the trial court's striking of a juror for cause, the process of jury selection, as violative of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), and the trial court's refusal to give two of his requested jury instructions.

The defendant shot the victim in the bedroom of her apartment. The medical examiner testified that the victim died as a result of a head wound from a gunshot between two and six inches from her head. A firearms examiner testified that because of an operable, internal safety feature, the weapon would not fire unless the trigger was pulled. The defendant claimed the firearm discharged accidentally while he and the victim were "scuffling" or "playing over the gun."

1. We have reviewed the evidence in the light most favorable to the jury's determination, and we conclude a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The defendant killed the victim on April 29, 1988. He was indicted by the Clayton County grand jury on December 15, 1988, for aggravated assault, felony murder and malice murder. The case was tried before a jury on February 5, 6, and 7, 1990, and the defendant was sentenced on February 7, 1990. The transcript was certified on April 12, 1990. The defendant's motion for a new trial, filed March 6, 1990, was amended on June 26, 1990, and denied on July 3, 1990. The notice of appeal was filed on July 23, 1990, and the appeal was submitted for decision without oral argument on January 4, 1991.

2. The defendant contends the trial court erred by striking a prospective juror for cause. During voir dire, the juror stated she would not base her decision on the evidence and the law if to do so would result in the defendant's imprisonment. The trial court did not abuse its discretion in striking the juror for cause. OCGA § 15-12-164. See *Depree v. State*, 246 Ga. 240, 243 (2) (271 SE2d 155) (1980).

3. The defendant contends the trial court erred by finding he failed to make a prima facie showing under *Batson v. Kentucky*, supra, that the state used its peremptory strikes in a discriminatory manner. It is uncontroverted that of 46 panel members from which the jury was selected, four, or nine percent, were black.[2] The jury of 12 which served at trial included two blacks, or approximately 17 percent of the jury. Thus, there was a net increase from the panel to the jury selected of almost twice the percentage of blacks. Although we have recognized the danger of deciding a *Batson* claim solely by means of raw numbers, *Aldridge v. State*, 258 Ga. 75, 79 (4) (365 SE2d 111) (1988), the defendant has presented no "other relevant circumstances," id., in support of his claim, and we find none. The trial court correctly held the defendant failed to make a prima facie case of discrimination under *Batson v. Kentucky*, supra. *Aldridge v. State*, supra; *Williams v. State*, 258 Ga. 80, 81 (3) (365 SE2d 408) (1988).

Likewise, the record does not support the defendant's claim that he made a prima facie showing of gender discrimination in the state's use of its peremptory strikes.

4. Contrary to the defendant's argument, the trial court properly charged the jury on accident. The trial court did not err by refusing to give the defendant's requested charge on his "non-flight" as possible circumstantial evidence of innocence. *Scully v. State*, 256 Ga. 683, 685 (5) (353 SE2d 29) (1987); see also *Renner v. State*, 260 Ga. 515, 517 (3b) (397 SE2d 683) (1990) holding that charges on flight are error. The trial court properly charged the jury on circumstantial evidence, and the defendant was free to argue his lack of flight, as well as any other circumstances, as tending to show his innocence.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 11, 1991.

*Steven E. Lister*, for appellant.

---

[2] There is no evidence in the record to show the racial composition of the panel from which the jury was selected, the racial breakdown of the strikes of both parties, and the racial composition of the resulting jury. In *Aldridge v. State*, 258 Ga. 75, 77 (4) (365 SE2d 111) (1988), we directed the trial court to supplement the record with this information, but held that after the date of our decision in that case, a defendant with a *Batson* claim had the burden to complete the record. Id. The few statistics set forth in this opinion are not contained in the record, but appear to be agreed upon by the parties.

■

*Robert E. Keller, District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.