38112. LAND *et al. v.* THE STATE.

DECIDED APRIL 5, 1960.

*Joseph B. McGinty*, for plaintiff in error.

*Clete D. Johnson, Solicitor-General*, contra.

NICHOLS, Judge. 1. Section 21 of the Juvenile Court Act of 1951 (Ga. L. 1951, pp. 291, 303; Code, Ann., § 24-2420), provides: "The court shall have the power, upon the hearing of any case involving any child, to exclude the general public from the room wherein said hearing is held, admitting thereto only such persons as may have a direct interest in the case. All cases of children shall be dealt with at separate hearings by the court and without a jury. The hearings shall be conducted in an informal manner and may be adjourned from time to time. The probation officer's investigation, along with other evidence submitted in court, may be used by the judge in reaching a decision for the best interest and future welfare of the child involved. Stenographic notes or other transcript of the hearings shall be required only if the court so orders. The general public shall be excluded and only such persons admitted as the judge shall find to have a direct interest in the case or in the work of the court.

The presence of the child in court may be waived by the court at any stage of the proceedings. Hearings may be held at any time or place within the county designated by the judge. . ." This provision of the Juvenile Court Act, as well as the other provisions of such act, vests in the juvenile court judge a broad discretion which this court has no right to control unless it is manifestly abused by him. See *Sturkie* v. *Skinner*, 214 *Ga*. 264, 269 (104 S. E. 2d 417), and citations.

The above quoted section from the act provides that the presence of the juvenile may be waived, and of course there are many cases where the issue for determination is the parents' "right" to the custody of the child, and it is often better that the child not hear testimony as to the conduct of its parents. However, in the present case the child's parents as well as the child were excluded from the hearing at a time when testimony as to the child's purported conduct was being given and while the fate of the child was being decided.

While the general public may, and should, be excluded from the hearing, and as shown above, the juvenile in some cases may, and should, be excluded from, at least a part of, certain type hearings, the exclusion of the child or the child's parents from a hearing or any part thereof when the issue being heard is whether, because of the purported acts of the child, such child is in need of correction is manifestly an abuse of discretion, for who would, under any circumstances, have a more *direct interest* in the case? Accordingly, it was reversible error to exclude the juvenile and the juvenile's parents from the hearing when the prosecuting witness was testifying against the juvenile.

2. Inasmuch as the evidence adduced may not be the same on another hearing, the sufficiency of the evidence will not be passed upon, and the other questions presented by the bill of exceptions are either moot or not likely to recur on another hearing.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*