## 74096. GONZALES v. THE STATE.
(356 SE2d 545)

POPE, Judge.

Defendant Virgilio Jesus Gonzales appeals from his conviction of violating the Georgia Controlled Substances Act by trafficking in cocaine. Defendant is a native of Puerto Rico who had resided in the United States for approximately two years prior to his arrest. Defendant's sole enumeration of error concerns the trial court's failure to appoint an interpreter for his use at trial. *Held*:

"The use of an interpreter, and the extent to which he may be used in the examination of a witness, must necessarily lie within the sound discretion of the trial judge. *Hensley v. State*, 228 Ga. 501 (186 SE2d 729 (1972)." *LaCount v. State*, 237 Ga. 181, 183 (227 SE2d 31), cert. den., 429 U. S. 1046 (1976). See also *Reed v. State*, 249 Ga. 52 (1) (287 SE2d 205) (1982). We have carefully examined the record in the case at bar (portions of which contain the testimony of the defendant) and conclude that defendant's command of the English language, although not perfect, was such that the absence of an interpreter clearly did not result in a denial of defendant's right to meaningfully participate in the proceedings against him; hence, we find that the trial court did not abuse its discretion in failing to appoint an interpreter for defendant's use at trial.

Moreover, the record shows that defendant did not request an interpreter before or during the trial or otherwise indicate to the court that he was having difficulty in comprehending the proceedings. It is well settled in this state that "[o]ne cannot ignore what may be harmful error while hoping for a favorable result and then raise error when expectations prove false. [Cits.]" *Bone v. State*, 178 Ga. App. 802, 807 (345 SE2d 46) (1986).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 9, 1987.

*Terry A. Carr*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.