45446. SMITH v. THE STATE.
(366 SE2d 687)

SMITH, Justice.

The appellant, Ricky Smith, was indicted for the offenses of malice murder, armed robbery, and in the alternative, felony murder. The jury found the appellant guilty of malice murder and armed robbery. He received life imprisonment for malice murder and a concurrent sentence of twenty years for armed robbery. We affirm.[1]

The appellant and Shirley Rahn-Dowd needed money to purchase drugs and to pay for previous drug debts. The victim, who owned and operated a restaurant, would close the restaurant each night and place the day's cash and other items in a cosmetic case and carry them home. The appellant and Rahn-Dowd drove to the victim's house and waited for him. When the victim arrived, the appellant shot him with a shotgun and robbed him. The appellant and Rahn-Dowd paid their drug debts and purchased additional drugs with money from the robbery.

Expert testimony indicated that the victim died from a shotgun wound to the abdomen. Physical evidence recovered from the victim's

---

[1] The crime was committed on January 6, 1981. A grand jury returned an indictment on August 6, 1986. The Chatham County jury returned its verdict of guilty on March 4, 1987. A motion for new trial was filed on March 25, 1987, heard and denied on December 8, 1987. Notice of Appeal was filed on January 6, 1988. The transcript of evidence was filed on January 27, 1988. The record was docketed in this court on February 2, 1988. The case was submitted on March 18, 1988.

wound was consistent with the shotgun discarded by the appellant.

Shirley Rahn-Dowd was granted immunity from prosecution for her testimony.

1. Reviewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that certain photographs of the deceased that were admitted into evidence were so gruesome as to be inflammatory and prejudicial. "A photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant." *Brown v. State*, 250 Ga. 862, 867 (302 SE2d 347) (1983). The photographs in question were relevant and material to the identity of the victim, the location of the victim's body, the location of certain physical evidence at the scene, and the location and nature of the victim's wounds. *Leggett v. State*, 256 Ga. 274, 275 (347 SE2d 580) (1986). The photographs were properly admitted.

3. The appellant argues that his character was improperly placed in evidence by testimony about other crimes for which he was not charged; thus, the trial court erred in denying the appellant's motion for a mistrial. The testimony of which the appellant complains falls into two categories. The first involves testimony relating to certain drug use and transactions on the date of the crime. The second involves testimony concerning incriminating statements made by the appellant about the murder while he was committing another offense. The two categories of testimony were properly admitted to show incriminating statements, motive, plan or scheme, and bent of mind. *Ingram v. State*, 253 Ga. 622, 633 (323 SE2d 801) (1984).

4. The appellant contends that it was error not to merge the conviction of armed robbery with the malice murder conviction. Armed robbery is not a lesser included offense of malice murder, and the trial judge properly refused to order merger of the two offenses. *Ruffin v. State*, 243 Ga. 95, 102 (252 SE2d 472) (1979).

5. The appellant contends that the trial court erred in denying his motion for funds to hire a private investigator. The request for funds was made four months after the appellant was convicted. " 'The general rule is that the grant or denial of a motion for assistance of expert witnesses and other investigative services lies within the sound discretion of the trial court.' [Cit.]" *Baxter v. State*, 254 Ga. 538, 540 (331 SE2d 561) (1985). Likewise, there must be a demonstration of some special need for the trial court to grant funds to hire an investigator. *Ennis v. State*, 249 Ga. 222 (290 SE2d 50) (1982). The appellant insists that an investigator was necessary to locate witnesses who could have refuted the testimony of the state's primary witness. In

light of the fact that this was a post trial motion and no specific facts or names of witnesses were presented to the court, there was no abuse of discretion.

6. The appellant contends the trial court erred in not complying with and in failing to force the state to comply with the requirements of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The appellant's attorney reviewed the police and state files and the trial court conducted an in camera inspection of the files at the appellant's request. The appellant was provided with copies of eleven documents, and the files were copied and sealed for review. Upon review we find there was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 14, 1988.

*Duggy & Feemster, William A. Dowell*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *J. Clayton Culp*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Leonora Grant*, for appellee.

