## A93A0289. McSEARS v. THE STATE.
### (431 SE2d 705)

POPE, Chief Judge.

Defendant Corey McSears was convicted of armed robbery and possessing a sawed-off shotgun. He appeals his conviction and the denial of his motion for new trial.

1. Defendant first argues the trial court abused its discretion by refusing to grant defendant's motion for mistrial after the State improperly introduced evidence of defendant's bad character. Defendant's companions on the night in question testified as witnesses for the State. One companion testified that before the robbery occurred the defendant and another companion were talking about buying "dope" and that the defendant suggested they could steal dope from the victim and the victim would not be able to report the crime to the police. The defendant moved for a mistrial after the first statement about "dope," and the trial court denied the motion. Defendant renewed his motion for mistrial after several statements concerning "dope." The trial court consistently denied the motion but instructed the jury "to try the issues on these indictments and nothing else, so disregard any statement if it has to do with something else." We hold the trial court did not abuse its discretion by denying defendant's motion for mistrial. " 'When transactions involving other crimes and the alleged bad character of appellant are so connected in time and event as to be part of the same transaction as that for which the accused is being tried, they are admissible as a clear exception to the general rule of inadmissibility of other transactions. (Cits.) The allegedly separate events are admissible in evidence when they are part of a continuous course of conduct, closely connected in time, place and manner of commission. (Cits.)' [Cit.]" *Dukes v. State,* 205 Ga. App. 678 (423 SE2d 295) (1992). The complained of testimony was properly admitted to show incriminating statements, motive, plan or scheme, and bent of mind. *Smith v. State,* 258 Ga. 179, 180 (3) (366 SE2d 687) (1988); *Ingram v. State,* 253 Ga. 622, 633 (6) (323 SE2d 801) (1984), cert. denied, 473 U. S. 911 (105 SC 3538, 87 LE2d 661) (1985).

2. The rule of sequestration was invoked prior to the beginning of

defendant's trial. After the rule was invoked the State requested that Charles Richardson, the Chief of Police for the City of LaFayette and the investigating officer in this case, be allowed to remain in the courtroom for the orderly presentation of evidence. The defendant did not object to the request and it was granted by the trial court. Defendant argues the trial court abused its discretion by failing to invoke the rule of sequestration as to Richardson and by allowing Richardson to testify after hearing the testimony of the other witnesses called by the State. We do not agree. It is well-settled that the trial court does not abuse its discretion by allowing the investigating officer to remain in the courtroom to assist in the prosecution of the case after the rule of sequestration is invoked or by allowing the investigating officer to testify after all other witnesses called by the State. *McNeal v. State*, 228 Ga. 633, 636 (187 SE2d 271) (1972).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993.

*Bruce & Hentz, Kenneth D. Bruce, William D. Hentz*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Melodie B. Swartzbaugh, Assistant District Attorney*, for appellee.