# A93A1949. COREY v. THE STATE.

(439 SE2d 513)

McMurray, Presiding Judge.

Defendant Corey appeals his conviction of two counts of armed robbery, two counts of possession of a firearm during commission of a crime, and criminal use of a weapon with an altered identification number. These offenses arose in connection with the armed robberies of two convenience stores and the counts related to each robbery were severed for separate trials.

An earlier untimely appeal was dismissed and this out-of-time appeal was subsequently allowed. The robberies occurred on November 12 and 18, 1990, and the trials were held on January 28-29 and February 19, 1991. *Held*:

1. There was no lack of evidence authorizing defendant's convictions. In each instance, he was identified as the perpetrator by an employee of the convenience store he robbed at gunpoint. Defendant was apprehended immediately following the November 18, 1990 robbery and it was discovered that the identification numbers had been removed from the handgun he used during the robbery. The evidence was sufficient to authorize defendant's convictions beyond a reasonable doubt under the standard provided by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See also *Robinson v. State*, 210 Ga. App. 278, 281 (5) (435 SE2d 718).

2. Defendant contends that the trial court erred in denying his motion to suppress a photographic line-up from which defendant was first identified as the perpetrator of the November 12, 1990 robbery. "The test of a photographic array is whether the 'procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' Simmons v. United States, 390 U. S. 377, 384 (88 S. C. 967, 19 L. Ed. 2d 1247) (1968)." *Thornton v. State*, 238 Ga. 160, 161 (1) (231 SE2d 729).

Four items are presented by defendant as showing that the line-up was suggestive. First, defendant complains that his photograph was twice as thick as the others. In order to understand this first issue it must be explained that the line-up was submitted to the victim by referring her to six photographs contained in a book of mug shots. The photographs in the book had been glued in place and defendant's photograph was added temporarily for purposes of the line-up by placing it over another photograph permanently glued in the book. Defendant's photograph was thicker because it was placed over another photograph. However, there is no suggestion that this added thickness was readily apparent or had been noticed by the victim, and there is reference to a layer of plastic over the photographs which would have made any difference less discernible.

Defendant also complains that he looks older than the other indi-

viduals used in the photographic line-up. However, our examination of the line-up does not support this factual assertion.

Next, defendant complains that his photograph was placed in the lower right-hand corner of the line-up. This contention does not relate to the format by which the photographs were submitted to the victim, but apparently to the exhibit by which the State introduced the six line-up photographs into evidence at the hearing on defendant's motion. The format of the State's exhibit is not relevant to any material issue.

Defendant's assertion that his photograph is the darkest of the six appears to be factually correct, but does not alone require a conclusion that the lineup was suggestive. See *Taylor v. State*, 203 Ga. App. 210, 211 (2) (416 SE2d 554).

Considering the totality of the circumstances, the trial court was authorized to conclude from the evidence that the photographic lineup was not impermissibly suggestive. There was no error in the admission of the evidence concerning the photographic lineup. *Scott v. State*, 200 Ga. App. 481, 482 (2) (408 SE2d 495); *Denegal v. State*, 193 Ga. App. 238 (1) (387 SE2d 434); *Sparks v. State*, 185 Ga. App. 225, 226 (2) (363 SE2d 631).

3. Defendant also contends that the trial court erred in denying his motion seeking to bar introduction of certain similar transaction evidence. The sole argument advanced by defendant in support of this enumeration of error is that the State failed to specify the purpose for the introduction of this evidence, so as to show that it was not introduced to raise an improper inference as to defendant's character, as required under the first prong of the applicable test as stated in *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649). However, defendant failed to raise this objection before the trial court, the trial objections being directed only to other aspects of this test for admissibility. Under these circumstances the issue now argued by defendant was not preserved for consideration on appeal. *Self v. State*, 208 Ga. App. 447, 448 (1) (431 SE2d 126); *Kincer v. State*, 208 Ga. App. 360 (1) (430 SE2d 597). And, even if the issue were properly raised, it would lack merit in view of the prosecuting attorney's statement that the similar transaction evidence would be used "to show bent of mind, modus operandi and all the other reasons that allows for the admissibility of similar crime."

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 10, 1993.

*Lorie A. Moss*, for appellant.

*T. Joseph Campbell, District Attorney,* for appellee.