## A94A0002. LEE v. THE STATE.
### (447 SE2d 323)

POPE, Chief Judge.

Defendant Gordon Clifford Lee was convicted of distributing obscene material in violation of OCGA § 16-12-80, and appeals.

1. Defendant originally filed his appeal in the Supreme Court, contending that court had jurisdiction of this appeal because he was challenging the constitutionality of OCGA § 16-12-80, "in that the statute has no provision for a pre- or post-seizure adversarial hearing following the seizure of allegedly obscene materials." The Supreme Court transferred the appeal to this court, on the basis that the issue raised required the application of settled constitutional principles, not a determination of constitutionality. Our review of the record shows that defendant did not urge his constitutional challenge during the hearing on his motion to suppress, and that he raised his constitutional challenge for the first time following the presentation of the State's case when he moved for a directed verdict of acquittal. The trial court ruled defendant's challenge was untimely, and that the issue of pre- and post-seizure notice was not relevant in this case because the trial court had previously prohibited the State from introducing any allegedly obscene items seized pursuant to a warrant. Pursuant to that ruling the only items introduced against defendant at trial were purchased, not seized. As defendant "acknowledged" in his written amended motion to suppress, no adversarial hearing on the question of obscenity is needed when the allegedly obscene material is purchased, not seized. This enumeration is thus without merit.

2. Defendant next contends that the trial court erred in refusing to sequester one of the State's witnesses, Lt. Marshall Smith, and in not requiring Lt. Smith to testify first. Our review of the record shows that the State and not the defendant invoked the rule of sequestration and that the State requested that Lt. Smith be excepted from the rule. The defendant did request that Lt. Smith testify first, but

the court denied defendant's request. "OCGA § 24-9-61 provides for sequestration of witnesses upon motion by a party, but the trial court has sound discretion to make exceptions to that rule, and only abuse will warrant reversal. [Cit.] Although it is better to call that witness first so as to obviate the issue, we find no abuse in this case. The State, of course, takes the risk that the witness' credibility will be affected. [Cit.]" *Thayer v. State*, 189 Ga. App. 321, 325 (3) (376 SE2d 199) (1988). *McSears v. State*, 208 Ga. App. 624 (2) (431 SE2d 705) (1993); *Johnson v. State*, 198 Ga. App. 316 (4) (401 SE2d 331) (1991); *Burns v. State*, 196 Ga. App. 732 (1) (397 SE2d 19) (1990).

3. Contrary to defendant's third enumeration of error, testimony by a State's witness, who works with abused children, that she was disturbed by the content of the obscene magazines (comic books) sold by defendant because of damage that such material inflicts upon children did not violate the trial court's earlier ruling prohibiting children from testifying that they purchased "adults only" magazines from defendant.

4. Defendant was not entitled to a directed verdict of acquittal based on the failure of the State's witnesses to testify concerning how they were affected by viewing the allegedly obscene material. It was for the jury, not the State's witnesses, to decide whether the comic books sold by the defendant violated our State's obscenity statute. *Fishman v. State*, 128 Ga. App. 505, 509 (3) (197 SE2d 467) (1973). Defendant's fourth enumeration of error is thus without merit.

5. Defendant contends that the trial court erred in refusing to charge the jury, upon written request, on the definition of the applicable "community" to be used in determining obscenity. We find no merit to this argument. The record shows that the trial court charged the jury to apply "contemporary community standards" in determining whether the material in question was obscene under OCGA § 16-12-80 (b) (1). In *Jenkins v. Georgia*, 418 U. S. 153 (94 SC 2750, 41 LE2d 642) (1974), the United States Supreme Court agreed "with the Supreme Court of Georgia's implicit approval of the trial court's instructions directing jurors to apply 'community standards' without specifying what 'community.'" Id. at 157. The trial court's instruction also complied with *Dumas v. State*, 131 Ga. App. 79 (205 SE2d 119) (1974), which held that jury instructions should neither narrow the definition of "community" to the local community nor broaden it to include the national community. Id. at 80 (1). Although defendant claims the State, in closing argument, improperly argued to the jury that the jury was the proper community, that contention cannot be considered by this court because the closing argument was not transcribed and is not part of the record on appeal. See *Whisenhunt v. State*, 156 Ga. App. 583, 584 (4) (275 SE2d 82) (1980).

6. The trial court also did not err in refusing to charge the jury as

to the proper procedure for evaluating whether a work has serious literary, artistic, political, or scientific value. Defendant contends that *Pope v. Illinois*, 481 U. S. 497 (107 SC 1918, 95 LE2d 439) (1987) requires the trial court to provide the jury with an objective standard for evaluating the societal worth of a work. However, we do not read *Pope* as mandating an instruction beyond charging the jury with the language contained in OCGA § 16-12-80 (b); rather, we read *Pope* as allowing the trial court to use its discretion in determining if a further charge is necessary. "In an obscenity prosecution the trial court, *in its discretion, could* instruct the jury to decide the value question by considering whether a reasonable person would find serious literary, artistic, political, or scientific value in the work, taken as a whole." (Emphasis supplied.) *Pope*, 481 U. S. at 501, n. 3. The trial court in this case declined to give the additional charge requested by defendant and we find no abuse of discretion in that refusal under the facts of this case.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JULY 5, 1994 —
RECONSIDERATION DENIED JULY 28, 1994 — ▮▮▮▮▮▮▮▮▮▮

*Cadle & Cheatham, Paul R. Cadle, Jr.*, for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.