A95A0742. GARRISON v. THE STATE.
(458 SE2d 162)

McMURRAY, Presiding Judge.

Defendant Garrison was charged by indictment with the offense of aggravated child molestation and convicted of the lesser included offense of child molestation. *Held:*

The child was three years old at the time of the crime of which defendant was convicted, and four years old at trial. The inquiry which resulted in the prosecution of defendant began when a discoloration initially thought to be blood was discovered on the child's panties. Interviews with the child, by employees of the Rabun County Department of Family & Children Services ("DFACS"), produced statements by the child implicating defendant and others in various incidents of sexual misconduct with her. Two DFACS workers, as well as a foster mother and a ten-year-old playmate of the child, testified at trial concerning the child's statements to them concerning sexual contacts with her by defendant. The child testified at trial and declined to respond to some questions, but did state she had seen defendant's private parts and that her statements to the DFACS workers who had conducted the interviews and to the foster mother had been truthful. An examination of the child's private parts by a physician revealed some redness or irritation of her vaginal area and a vaginal discharge, but there was no conclusive physical indication that a sexual molestation had occurred.

Defendant testified and denied any misconduct. On cross-examination defendant testified that he had not been previously arrested or charged with such a crime. He also stated that he had "never done anything." The prosecuting attorney then asked defendant whether he had tried to rape his niece when she was 12 years old. Defendant

denied that such an incident had occurred.

The prosecuting attorney then began a series of questions asking why the defendant's niece would have told a sheriff's department investigator that there had been such an incident if this was not true. Defendant explained that he had talked to his niece since she had talked to the investigator and that she had told him that the investigator had coerced her into saying it. Defense counsel objected to the line of questioning in the absence of the niece to testify, but the prosecuting attorney was permitted to continue the cross-examination during which defendant conceded that his niece had accused him of attempting to rape her. The final witness at trial was a sheriff's department investigator, presented as a rebuttal witness, who testified that he had investigated the alleged attempted rape of defendant's niece and that in the course of that investigation had been told by the niece and her mother that the incident had actually occurred.

In his first enumeration of error, defendant contends that the trial court erred in allowing evidence of the alleged attempted rape of his niece over his objections. But the argument presented in support of this enumeration is not related to any objection referenced by defendant. Indeed, since there is no objection raising the issue argued on appeal, it was not preserved for appellate review. *Corey v. State*, 211 Ga. App. 333, 334 (3) (439 SE2d 513).

Defendant's remaining enumerations of error contend that he was denied effective assistance of counsel at trial and that the trial court erred in denying his motion for new trial on this basis. In addressing allegations of ineffective assistance of counsel, we employ the two-prong test which requires defendant to show that trial counsel's performance was deficient and that the deficient performance prejudiced defendant. *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590). The trial court found that trial counsel's performance was neither deficient nor prejudicial.

Defendant argues that nothing in his trial testimony opened the door to evidence concerning the alleged attempted rape. In his argument, defendant makes reference to his testimony on cross-examination that he had never been arrested nor charged with such a crime and maintains that impeachment should be limited to evidence which directly contradicts that testimony. But defendant's argument does not acknowledge that when asked whether his testimony meant he had never committed any act like that for which he was charged, defendant stated that he had "never done anything." The State was entitled to impeach this broader statement by defendant with evidence that the testimony given by defendant was not truthful. OCGA § 24-9-82; *Crane v. State*, 263 Ga. 518, 519 (1a) (436 SE2d 216). The prosecution's cross-examination of defendant concerning the alleged attempted rape was not improper due to the absence of the niece who

was the victim of that incident. *Butts v. State*, 193 Ga. App. 824, 826-827 (2) (389 SE2d 395). Nor is defendant's reliance on *Bryant v. State*, 204 Ga. App. 856, 860 (420 SE2d 801) well placed since that case may be factually distinguished on the basis that the questions complained of there had no rational connection with any attempt to contradict that defendant's testimony.

There was also evidence from the sheriff's department investigator and defendant's nephew that following defendant's attempted rape of his niece, defendant's brother had broken a shotgun over defendant's head in retribution. Defendant argues that his trial counsel should have objected to this evidence since it put his character in issue. But since the evidence presents only the actions of defendant's brother we fail to see how it reflects on defendant's character. The decision not to object to this obviously irrelevant testimony must be viewed as a matter of trial strategy and did not deprive defendant of a fair trial. *Anderson v. State*, 206 Ga. App. 354, 355 (2) (426 SE2d 6).

The discolored panties found on the child, in the case sub judice, were sent to the crime laboratory to determine if the stain was blood. No blood was found and defendant's trial counsel was provided with a copy of the laboratory report before trial. Defendant complains that his trial counsel was ineffective in failing to present a witness able to lay a foundation for the admission of this report into evidence and in failing to object at trial to references to "bloody panties." Because of the verdict of acquittal of aggravated child molestation, it is apparent that any deficiency in trial counsel's performance in regard to this issue did not prejudice the defense. The suspicion that there was blood on the panties served to explain the conduct of certain witnesses, but the question of whether or not there was actually blood present was relevant only to the proof of the offense of aggravated child molestation. Since the jury acquitted defendant of that charge, no prejudice to defendant is shown. *Jones v. State*, 180 Ga. App. 706, 707 (350 SE2d 309).

In conclusion, we find that defendant was not prejudiced by any deficient conduct of his trial counsel. The trial court did not err in denying defendant's motion for new trial on the ground of ineffective assistance of trial counsel.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 30, 1995.

*Scott B. Barloga*, for appellant.

*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.