## A96A0365. APPLING v. THE STATE.
(470 SE2d 761)

JOHNSON, Judge.

Fourteen-year-old Fabian Terrell Appling was tried as an adult in DeKalb County Superior Court and convicted of armed robbery. The evidence at trial showed that Appling approached two boys behind Miller Grove Middle School just as students were leaving the school at the end of the day. At gunpoint, Appling took a 13-year-old victim's shoes and wallet while the student was standing with another student.

1. Appling's first two enumerations are related, and will be dealt with together. He asserts that his rights to a fair trial and to effective assistance of counsel were abridged when the trial court granted the state's motion to sequester Appling's mother, a potential witness in the case.

This enumeration presents us with an issue of first impression in this state. Does a juvenile, when being tried as an adult, have the right to have a parent present at trial?

Under the Juvenile Court Code, as interpreted in *D. C. A. v. State*, 135 Ga. App. 234, 235-236 (1) (217 SE2d 470) (1975), a parent is a party to a juvenile proceeding and may not be sequestered, even if the parent is also a witness in the case. See also *Marshall v. State*, 248 Ga. 227, 228 (2) (282 SE2d 301) (1981). However, treatment as a juvenile is not an inherent right. It is a right granted by the state legislature. The legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved. See *In the Interest of J. J. S.*, 246 Ga. 617, 618 (1) (272 SE2d 294) (1980). A juvenile has no absolute right to be tried as a juvenile, and appellant here is not challenging his being tried as an adult. See *Bishop v. State*, 265 Ga. 821, 822-823 (2) (462 SE2d 716) (1995). Likewise, the right of a parent to be present at a proceeding is not an inherent right. It is derivative of the adjudication of the juvenile's case within the juvenile system. Once the determination has been made to try a juvenile in superior court as an adult, or, as here, where the offense committed was one within the exclusive jurisdiction of the superior court pursuant to OCGA § 15-11-5 (b) (2) (A),

those statutory rights accorded juveniles in juvenile court procedures no longer apply. A juvenile being tried in superior court enjoys certain rights he does not enjoy in juvenile court. For example, he or she has the right to trial by jury. Certain other protections, however, are exclusive to the juvenile system and do not travel with a defendant when a case is transferred from juvenile to superior court. The right of the parent to be in the courtroom, being statutory only, falls into this category. We hold that a parent is not a party to criminal proceedings in which a juvenile is being tried as an adult.

There being no applicable statute entitling Appling's mother to be present in the courtroom, we look to the general rule. A trial court has discretion with regard to sequestration of witnesses. "OCGA § 24-9-61 provides for sequestration of witnesses upon motion by a party, but the trial court has sound discretion to make exceptions to that rule, and only abuse will warrant reversal. [Cit.]" (Punctuation omitted.) *Lee v. State*, 214 Ga. App. 164, 165 (2) (447 SE2d 323) (1994). Because there is no evidence in the record before us that the trial court abused its discretion in granting the state's motion for sequestration, we will not set it aside.

Appling also asserts that the sequestration of his mother caused his trial counsel to be ineffective, where otherwise she was effective. We disagree. Appling argued below that his mother was needed to help him understand the proceedings, make decisions and communicate effectively with him. However, he has not pointed to anything in the record indicating that he was unable to understand his trial counsel's explanation of the proceedings or communicate with counsel. In addition to failing to provide us with even one example purporting to show how counsel's representation was deficient, Appling has failed to show that his defense was prejudiced by ineffective representation. Our review of the record indicates that evidence of Appling's guilt was overwhelming, and the absence of his mother at trial did not render counsel ineffective or prejudice his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

2. Appling contends the trial court erred in denying his motion to suppress a photographic identification. "The test of a photographic array is whether the procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Citations and punctuation omitted.) *Corey v. State*, 211 Ga. App. 333 (2) (439 SE2d 513) (1993). The photo lineup, showed separately to the two victims, consisted of six photographs of young men, close in age, hair style and general looks to Appling. All of the photographs except Appling's were taken from the Miller Grove Middle School yearbook. The photographs were the same size. The victims were told that the robber may or may not be in the lineup. Each of

the victims identified Appling's picture.

Appling points to an inconsistency in one of the victim's testimony as illustrative of an impermissibly suggestive or prejudicial remark made during the identification process. At the pretrial hearing one of the young victims testified on cross-examination that the detective told him "The person is in here, find him." At trial he testified that the detective told him "If you think one of them, one of the guys are in here, pick the one you think is him." When questioned about the inconsistency, the victim replied that he was nervous at the pretrial hearing because he was in the courtroom with Appling.

The victims had an opportunity to observe Appling during a brief conversation with the perpetrators prior to the robbery. Both picked Appling out of the lineup and identified him in court. Because there was no substantial likelihood of irreparable misidentification due to the pretrial identification procedure, the trial court did not abuse its discretion in denying Appling's motion to suppress the photo lineup and identification procedure. See *Lampkin v. State*, 213 Ga. App. 589, 593 (1) (445 SE2d 324) (1994).

*Judgment affirmed. McMurray, P. J., concurs. Ruffin, J., concurs specially.*

RUFFIN, Judge, concurring specially.

I concur in the court's judgment, but I write separately to address what I believe to be a glaring legislative oversight. I believe the trial court abused its discretion when it held that the mother of a juvenile could not accompany her son at his counsel's table after his case was transferred to the superior court. At issue is the fundamental question of whether Appling was denied the effective assistance of counsel because he was unable to effectively consult with counsel.

Fabian Terrell Appling, age 14 by calendar time, is a fledgling child. But by crime time, he is a convicted felon. The majority correctly asserts that "treatment as a juvenile is not an inherent right. It is a right granted by the state legislature. The legislature may restrict or qualify that right as it sees fit, . . ." Ante, p. 162. Unfortunately, the legislature has never addressed the specific issue raised here. Moreover, we should not consider the right which appellant seeks to assert merely a "derivative" right which rests on the whim of the legislature.

The majority assumes that once a case has been transferred from the juvenile court to the superior court, the "juvenile court procedures no longer apply." While simple in assertion, it is devastating in consequences because it deprives the juvenile of parental assistance and advice at a time when the need is greatest, after the filing of charges. Moreover, the majority makes its assumption without analyzing the underlying reasons for the transfer of a case from juve-

nile court to superior court. Such a transfer is made based upon the *nature* of the offense alleged to have been committed by the juvenile, not upon the child's level of maturity or immaturity. The juvenile's need for protection of important rights, parental advice, and assistance in communicating with counsel do not disappear. A juvenile does not cease to be a child, nor are his unique needs and rights extinguished, simply because the forum has changed. This fact is particularly true in a situation such as this which implicates the juvenile's constitutional rights. The mere fact that Appling was tried as an adult does not make him an adult, and legions of laws will not make him such.

Here, the juvenile's attorney argued that the mother's presence was necessary to assist the juvenile in making important decisions such as whether to testify, decisions counsel felt the juvenile was not mature or educated enough to make without his mother's guidance. The attorney's concern cannot be questioned when we realize the parent or guardian would certainly be entitled to be present if the police desired to question the juvenile about his case, because such questioning could implicate fundamental constitutional rights. See OCGA § 15-11-19 (c); *Riley v. State*, 237 Ga. 124, 127-128 (226 SE2d 922) (1976). His concern is reflected in our Supreme Court's opinion of *Davis v. State*, 262 Ga. 578, 581 (1) (422 SE2d 546) (1992), a search and seizure case in which the court expressed concern over the abilities of children to understand our system of criminal law: "The younger a child the less likely that he or she can be said to have the minimal discretion required to validly consent to a search, much less waive important constitutional rights. Judicial vigilance is especially merited when, as here, the child is quite young."

Appling's counsel persuasively argues that the individual who raised the juvenile, not a court-appointed lawyer, should be the person guiding the juvenile in making such decisions. I would agree, especially in this era when even adults sometimes have difficulty putting trust in their lawyers. Parental guidance in a felony case is a necessary safeguard for a juvenile. The juvenile's guardian, who is charged with his care and safety, must have the opportunity to give it. Given that Appling's attorney felt the need for the mother's aid, Appling could not receive effective assistance of counsel without her. Safeguarding these rights is a laudable goal insofar as it may help prevent a juvenile from entering a prison system which seems only to lead to juveniles becoming hardened adult criminals.

Our system is designed to ensure effective representation. For example, "[t]he Fourteenth Amendment's due process guarantee of fundamental fairness requires that an indigent defendant be given 'meaningful access to justice' . . . ," including access to experts. *McNeal v. State*, 263 Ga. 397, 398 (3) (435 SE2d 47) (1993). We pro-

vide interpreters for hearing-impaired defendants and for defendants who do not speak English. See, e.g., OCGA § 24-9-104; *Gonzales v. State*, 182 Ga. App. 594 (356 SE2d 545) (1987); *Reed v. State*, 249 Ga. 52 (287 SE2d 205) (1982). Surely, in the name of promoting "meaningful access to justice," we can also make room at counsel table for a parent of a juvenile defendant.

While we are outraged at spiraling juvenile crime, that outrage cannot be assuaged by "warehousing juveniles." Rather, it must be met by trying them either as juveniles or as adults where appropriate, but always within the parameters of the constitution. It is for these reasons that I disagree with the majority's assertion that "there is no evidence in the record before us that the trial court abused its discretion in granting the state's motion for sequestration. . . ." (Ante, p. 163.) This bland assertion fails to consider an important need — and right — of the juvenile: parental guidance. Errors are sometimes self-sequestrating from harm. This one is not. The rare rage of this error radiates harm. Accordingly, in my view, the trial judge abused his discretion in refusing to allow Appling's mother to accompany him in court, irrespective of differences in juvenile and superior court procedures. However, constrained to follow precedent, and restrained by the legislative vacuum, I concur in the judgment.

DECIDED APRIL 17, 1996.

*Peters, Roberts, Borsuk & Taylor, Lynne Y. Borsuk, Abbi S. Taylor*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Tamar P. Stern, Assistant District Attorneys*, for appellee.