## A97A1119. SNOW v. THE STATE.
### (492 SE2d 564)

JOHNSON, Judge.

A jury found Carl Lee Snow guilty of raping his girl friend's daughter. He appeals from the conviction entered on the verdict and the denial of his motion for new trial.

1. Snow challenges the sufficiency of the evidence to support the conviction. Viewed in the light most favorable to the verdict, the evidence shows the following: Snow lived with his girl friend and her 18-year-old daughter. The daughter is legally blind, mentally retarded, and, at the time of the offense, functioned at the level of a five-year-old child. At trial, the victim testified that Snow had sexual intercourse with her on her bedroom floor even though she had told him "stop and . . . no, no, no, no, no."

An investigator with the sheriff's department testified that when he interviewed the victim at school a few days after the incident, she trembled and exhibited behavior typically displayed by victims of sexual assault. In a statement which was taped and played for the jury, the victim stated that Snow told her to lie on the floor and remove her underwear. Snow had sexual intercourse with her despite her telling him "please don't do this to me." When the investigator went to the victim's home, the victim pointed to the area next to her bed where Snow forced her to have intercourse. The officer was

able to detect what appeared to be seminal fluid in the carpet and removed a carpet sample for testing.

A forensic scientist who conducted DNA tests on the sample and compared the sample to a specimen obtained from Snow testified that only seven percent of the North American Caucasian population could have been responsible for producing the specimen and that Snow is included in that pool.

An emergency room physician examined the victim and concluded that she had had intercourse in the past, though he could not determine when. Snow denied ever having sexual intercourse with the victim. The record reveals ample evidence from which a rational trier of fact could find Snow guilty beyond a reasonable doubt of rape. See *Dean v. State*, 215 Ga. App. 23, 24 (4) (449 SE2d 622) (1994). Snow's argument that the victim's "statements and testimony were vague, unintelligible, equivocal, and self-contradictory," addresses itself to the victim's credibility, which is a matter within the province of the jury. See *Robinson v. State*, 204 Ga. App. 637 (419 SE2d 926) (1992). This enumeration is without merit.

2. Snow argues that the trial court erred in allowing, over objection, the investigator's testimony that he believed the victim. Although opinion evidence about the credibility of a witness is generally inadmissible (see *Guest v. State*, 201 Ga. App. 506, 507 (1) (411 SE2d 364) (1991)), there was no error here because defense counsel elicited the testimony.

While cross-examining the investigator, defense counsel asked him if he thought it was important to "check out [the victim's] story and find out whether or not she may have told you everything." Snow's attorney then asked the investigator if he spoke with the victim's mother only once, to which the officer responded that if he had known "she was going to hinder or she was going to take sides with Carl Snow," he would have taken a statement from her. Defense counsel next asked the officer if he "ever [thought] that maybe [the mother] wanted to tell the truth rather than taking sides?" The witness replied that he believed the mother was protecting Snow instead of her daughter. Counsel then asked: "And you think that because you're on this side, not on that side?" The officer answered: "No, sir, 'cause I experienced the interview with [the victim] and I believe [her]." Defense counsel objected, which objection was overruled, and then continued his cross-examination.

By asking the investigator about the victim's credibility, her mother's credibility, and the witness' reasons for thinking the mother was trying to protect Snow, defense counsel propounded dangerous questions. Snow cannot now object to the court's ruling on one of the answers. See *Henson v. State*, 168 Ga. App. 210, 212 (2) (308 SE2d 555) (1983); *Helton v. State*, 217 Ga. App. 691, 693-694 (4) (458 SE2d

872) (1995). Moreover, the testimony complained of was cumulative of evidence admitted earlier without objection. See *Milan v. State*, 207 Ga. App. 206, 207 (427 SE2d 573) (1993). Earlier in the trial, Snow did not object when another deputy testified that he told Snow he and the investigator believed the victim. Finally, we note that the trial court instructed the jury that the jury alone determines which witnesses and testimony to believe. Based on the foregoing, this enumeration is without merit.

3. Snow contends the trial court erred in denying his motion for mistrial when the prosecutor offered at trial, in the presence of the jury, to send the victim's underpants back to the crime lab for analysis since the lab failed to analyze them. Snow complains that the state's offer to postpone trial so that the evidence could be analyzed made the jury "suspicious" of the defense, who refused to consent to testing at such a late date. After the trial judge denied Snow's motion for mistrial, he announced that he would instead give a curative instruction telling the jury that the defendant had no duty to consent to testing at this time. In response, Snow asked the court to add that it was not the defendant who would not allow testing. The trial court assured Snow that it would inform the jury that the rules require testing be done well before trial. Snow did not object. The court gave the instruction and added that the court was not going to stop the trial for additional testing to be conducted. No further objection or motion for mistrial was made. Accordingly, Snow's assertion on appeal that the trial court's curative remarks were insufficient has been waived. See *Allen v. State*, 224 Ga. App. 324, 325 (2) (480 SE2d 328) (1997).

4. We find no merit in Snow's contention that the trial court erred in allowing into evidence part of his statement to investigators but in redacting a portion of the statement in which Snow said that the victim had previously had sexual intercourse with her cousin. The investigator testified that when he arrested Snow, informed him of the charges, advised him of his rights, and told him the investigators believed the victim, Snow stated: "[W]ell f--- you. I don't care what you believe. I took good care of the little b---- and I'm not that kind of person."

The trial court ruled that, despite OCGA § 24-3-38, the rape shield statute (OCGA § 24-2-3) prohibits the introduction of testimony that the victim had previously had sexual intercourse with someone other than Snow. We agree. The rape shield statute, which supersedes all evidentiary exceptions (see *Phillips v. State*, 196 Ga. App. 267, 268 (3), (4) (396 SE2d 57) (1990)), prohibits the introduction of evidence related to the victim's past sexual behavior except in certain instances not applicable here. See *Brown v. State*, 225 Ga. App. 49, 51 (1) (c) (483 SE2d 318) (1997); *Stancil v. State*, 196 Ga.

App. 530 (1) (396 SE2d 299) (1990). And, in this instance, the evidence sought to be introduced by Snow apparently had the added disability of being based on hearsay. Id. There was no error.

5. Similarly, there was no error in the trial court refusing to allow Snow to introduce evidence of the victim's past sexual behavior to explain how her hymen became perforated. See generally *Brown*, supra. Snow's reliance on *Lemacks v. State*, 207 Ga. App. 160 (427 SE2d 536) (1993), is misplaced because the evidence sought to be introduced in that case involved prior sex crimes committed against the victim, not the victim's prior sexual behavior. "It is no reflection on character that one has been an unwilling victim of prior crimes." Id. at 161.

6. The trial court did not err in refusing to give the following requested charge: "When the testimony of a principal witness is vague, equivocal, and self-contradictory, it should be construed most strongly against the cause that he is testifying for." Snow has cited only civil cases as authority for such a charge. The only criminal case our research uncovers which may possibly support such a charge addresses contradictions by the state's only witness. See *Wallace v. State*, 55 Ga. App. 872, 875 (192 SE 81) (1937). In the case before us, the state did not rely upon the testimony of a single witness. Furthermore, the trial court charged the jury that it was to determine the credibility of witnesses, taking into consideration such factors as the witnesses' intelligence and whether their testimony included contradictory statements. The court is not required to give a charge which is not a correct statement of the law, was substantively covered elsewhere in the charge, or is inapplicable to the case. See *West v. State*, 178 Ga. App. 550, 553 (2) (343 SE2d 759) (1986).

7. The trial court did not impermissibly comment on the case by instructing the jury to "consider with great care and caution the evidence of any statement made by the Defendant. The jury may believe any statement in whole or in part, believing that which you find to be true and rejecting that which you find to be untrue." The charge was given in conjunction with instructions not about Snow's testimony, but about the statement he gave police upon his arrest. This explains why his statement was discussed separately from the testimony of other witnesses; his testimony was not "singled out." In any event, the court instructed the jury to apply the general rules for testing the believability of the witnesses and the weight of the evidence. Moreover, the trial court specifically included in its charge a statement that it did not intend to comment on the credibility of the witnesses. We find no error.

8. Snow contends the trial court erred in denying his post-trial motion for funds to have the victim's underwear tested for the presence of semen. He argues that such testing might exonerate him by

showing the absence of seminal fluid or the presence of fluid produced by someone else. The record shows that Snow requested funds for expert analysis of the underwear more than a year after he was convicted. "[T]he grant or denial of a motion for assistance of expert witnesses and other investigative services lies within the sound discretion of the trial court." (Citations and punctuation omitted.) *Smith v. State*, 258 Ga. 179, 180 (5) (366 SE2d 687) (1988). Considering the fact that his was a post-trial motion and Snow has demonstrated no special need for such a test, we find there was no abuse of discretion. Id. at 181 (5).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 1, 1997.

*Jill L. Anderson, Steven W. Reighard, Mary Erickson,* for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.