A98A0475. MEJA v. THE STATE.
(502 SE2d 484)

JOHNSON, Judge.

A jury found Josiah Meja a/k/a Josiah Mega guilty of four counts
of simple battery, two counts of battery, and one count of family vio-
lence battery against Bernadine Ikwuakam. We affirm.

Ikwuakam, her three children, and her mother lived with Meja.
Meja was the father of one of the children, and held himself out as
and acted as the father of Ikwuakam's two children from a previous
marriage.

On December 14, 1996, Meja became angry with Ikwuakam and
told her she needed to take her older children and go find their
father. Out of concern for her safety, Ikwuakam went to her sister's
home. However, she returned the next day to be with her children.
When she returned, Meja refused to allow her to enter the home. Her
children opened a door in the kitchen area when they heard
Ikwuakam calling for help. Meja slapped the two children who
helped their mother, then turned to Ikwuakam. He grabbed
Ikwuakam and tried to take her house key. During the struggle for
the key, Meja scratched Ikwuakam's arm, causing it to bleed. Meja
knocked Ikwuakam to the ground and then started hitting her. When
Ikwuakam's mother attempted to help, Meja struck her. One of the
children called the police.

The police officer separated everyone and conducted his investi-
gation. The officer observed redness on both cheeks of Ikwuakam
which resembled handprints and bleeding scratch wounds to her
arm. Meja was arrested.

On January 2, 1997, Meja came to a business operated by
Ikwuakam, intimidated her and pushed her. Another physical alter-
cation occurred on January 11, 1997 when Meja refused to give
Ikwuakam a key to a post office box. Meja told Ikwuakam she should
leave with her children and then pushed her on the bed. She got up
from the bed, and Meja punched her in the chest and shoulder area.
The injury to Ikwuakam resulted in swelling and a bruise. A police
officer arrived, saw a bruise on the shoulder area of Ikwuakam and
arrested Meja.

For the December 15, 1996 incident, Meja was found guilty of

two counts of simple battery and one count of battery against Ikwuakam and was acquitted of simple battery counts against the two girls and Ikwuakam's mother. He was acquitted of simple battery for the January 2, 1997 incident. He was found guilty of two counts of simple battery, one count of battery and one count of family violence against Ikwuakam related to the January 11, 1997 incident.

1. In his first enumeration of error, Meja contends the evidence was insufficient to support the convictions entered on the jury's verdict. We disagree.

Simple battery is defined as the intentional physical contact of an insulting or provoking nature with the person of another or, alternatively, intentionally causing physical harm to another. OCGA § 16-5-23. For simple battery, mere pain is sufficient to show physical harm. *Lyman v. State*, 188 Ga. App. 790, 791 (1) (374 SE2d 563) (1988). Battery requires that the physical harm inflicted be substantial or the bodily harm be visible to another. OCGA § 16-5-23.1 (a). The battery statute defines "visible bodily harm" as "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, . . . substantial bruises to body parts." OCGA § 16-5-23.1 (b). Family violence battery adds an element to battery in that the state must prove that the victim is a past or present spouse or has had a child with the defendant, is of certain enumerated relationships with the defendant, or has lived in the same household with the defendant. OCGA § 16-5-23.1 (f).

The facts in the record are sufficient to enable a rational trier of fact to find Meja guilty beyond a reasonable doubt of the offenses of which he was convicted under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Basu v. State*, 228 Ga. App. 591, 592 (1) (492 SE2d 329) (1997); *Hussey v. State*, 206 Ga. App. 122, 123 (2) (424 SE2d 374) (1992); *Lyman*, supra.

2. In his second enumeration of error, Meja asserts the trial court erred in determining that Ikwuakam's mother, a native of Nigeria, was competent to testify without an interpreter. "The use of an interpreter . . . must necessarily lie within the sound discretion of the trial judge." (Citations and punctuation omitted.) *Gonzales v. State*, 182 Ga. App. 594 (356 SE2d 545) (1987); see also OCGA § 24-9-7. A review of the mother's testimony and the trial court's inquiry in determining whether Ikwuakam's mother was competent to testify without an interpreter reveals that her command of the English language, while not perfect, was such that the absence of an interpreter did not prejudice Meja's defense. The trial court did not abuse its discretion in failing to appoint an interpreter. See *Gonzales*, supra.

Meja waived any argument that the trial court erred in repeating some of Ikwuakam's mother's testimony for the jury. During its ruling on the mother's competency, the trial court offered to repeat

portions of the testimony for the record if required. Meja did not respond or object to this offer. During direct examination, Meja complained he could not understand Ikwuakam's mother's response, so the trial court repeated her response. Meja did not object. After Meja again complained during cross-examination about not understanding the witness, the trial court questioned Ikwuakam's mother to clarify certain testimony and repeated some answers. Again, Meja did not object to the trial court's actions. "Counsel may not idly sit by and watch when possible objectionable evidence is presented and on appeal claim error. It is necessary, in order to make the same a basis for appellate review that opposing counsel make proper objection or invoke some ruling of the court. A party cannot ignore what he thinks to be error, take his chance on a favorable verdict, and complain on appeal." (Citations and punctuation omitted.) *West v. State*, 224 Ga. App. 190, 191 (2) (480 SE2d 238) (1997).

3. In his final enumeration of error, Meja contends the trial court erred by failing to merge certain counts. Regarding the December 15, 1996 incident, the trial court merged the two counts of simple battery. However, Meja claims the simple battery counts should have been merged into the battery count. While Meja correctly asserts that all three counts involved Ikwuakam, he incorrectly asserts that all three counts involved the same facts. According to the record, Meja grabbed Ikwuakam in order to wrestle the keys from her and physically forced her to the ground. These two physical contacts were insulting and provoking and were not used to establish the visible bodily harm in the bloody scratches on her arm and slap marks on her face.

Regarding the January 11, 1997 incident, the trial court merged the two counts of simple battery and merged the count of family violence battery into the battery count. However, Meja claims the simple battery counts should have also been merged with the battery count. We again disagree. According to the record, Meja pushed Ikwuakam to the bed before inflicting a bruise on her shoulder area. This action independently establishes physical contact of an insulting and provoking nature separate from the infliction of visible bodily harm.

While simple battery could be a lesser included offense of battery where the defendant is charged with intentionally causing visible bodily harm and the state fails to prove that the harm was visible (see *Ross v. State*, 214 Ga. App. 385 (448 SE2d 52) (1994)), this case does not present such an instance. In the present case, the state presented evidence that Meja intentionally caused visible bodily harm by scratching, slapping and punching Ikwuakam. The state also proved that Meja intentionally made physical contact of an insulting or provoking nature with Ikwuakam when he wrestled with

her, pushed her to the ground, and pushed her onto the bed. The trial court did not err in refusing to merge the simple battery counts with the battery counts in both indictments.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 14, 1998.

*Marateck & Lassiter, Arthur H. Marateck,* for appellant.

*Barry E. Morgan, Solicitor, Forrest K. Shealy, Assistant Solicitor,* for appellee.