A10A1270, A10A1271. IN THE INTEREST OF F. F., a child
(two cases).
(695 SE2d 723)

JOHNSON, Judge.

Both F. F., a 14-year-old juvenile, and F. F.'s mother appeal from the trial court's order adjudicating F. F. delinquent for committing acts that, if committed by an adult, would constitute aggravated sexual battery.[1] Both appeals allege the evidence was insufficient to support the adjudication of delinquency, the trial court erred in not having F. F.'s parents in the courtroom with him during trial, and F. F. received ineffective assistance of trial counsel. In the interest of economy, we have consolidated the appeals. While we find that the evidence was sufficient to support the trial court's adjudication of delinquency, we reverse the case because the trial court manifestly abused its discretion in sequestering F. F.'s parents during the trial.

1. F. F. and his mother argue that the juvenile court erred in adjudicating him delinquent because the state failed to prove beyond a reasonable doubt that he committed the act of aggravated sexual battery.[2] They claim that the only evidence against F. F. consisted of child hearsay and the testimony of several witnesses that contradicted the six-year-old victim's allegations that F. F. placed a twig in her vagina. Because the child hearsay testimony was admissible and the juvenile court was charged with resolving conflicts in the evidence and the credibility of the witnesses, this contention is

---

[1] F. F. appeals in Case No. A10A1270, and his mother appeals in Case No. A10A1271.
[2] OCGA § 16-6-22.2.

without merit.[3]

A person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another without the consent of that person.[4] The term "foreign object" means that the penetration occurs with any article or instrument other than the sexual organ of the accused.[5] Penetration may be proved by direct or circumstantial evidence.[6] Additionally, a child under 16 years of age cannot consent to sexual acts. Here, the victim's statements to the DFCS worker and forensic interviewer were sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that F. F. committed the act of aggravated sexual battery.[7]

Although F. F. and his mother argue that the state's evidence was insufficient because it only consisted of child hearsay and victim statements that were contradicted by other testimony, this contention is without merit. Under OCGA § 24-3-16,

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

In the present case, the state announced in open court that the victim was present in the witness room and that either the court or F. F.'s attorney could call her as a witness pursuant to the Child Hearsay Statute, thereby fulfilling its requirement to use the hearsay testimony under OCGA § 24-3-16.[8]

F. F. and his mother also argue that the victim's statements were contradicted by other testimony elicited during trial. However, the trial court was not obligated to credit the testimony of F. F.'s witnesses over that of the other witnesses.

The issues of the credibility of the witnesses and the

---

[3] See *In the Interest of S. K.*, 289 Ga. App. 672 (658 SE2d 220) (2008).

[4] OCGA § 16-6-22.2 (b).

[5] OCGA § 16-6-22.2 (a).

[6] See *Hendrix v. State*, 230 Ga. App. 604, 607 (4) (497 SE2d 236) (1998).

[7] See *Lamb v. State*, 293 Ga. App. 65, 66-67 (666 SE2d 462) (2008).

[8] See *Sosebee v. State*, 257 Ga. 298, 299 (357 SE2d 562) (1987); *Baker v. State*, 252 Ga. App. 238, 240-241 (1) (555 SE2d 899) (2001).

resolution of conflicts in the evidence fall within the province of the trial court. Where the testimony of the state and that of the defendant is in conflict, the fact finder is the final arbiter, and the evidence must be construed so as to uphold the verdict even where there are discrepancies.[9]

In this case, the juvenile court judge stated explicitly that the forensic interviewer did a good job and he found the victim believable. The judge also found that the children at the daycare were not properly supervised, and that many of the statements alleged by F. F. to be contradictory were obtained by individuals who were not trained to interview molested children. The evidence was sufficient for a rational trier of fact to find F. F. adjudicated delinquent beyond a reasonable doubt of aggravated sexual battery.

2. Nevertheless, we must reverse the juvenile court's adjudication of delinquency and remand for a new delinquency hearing because the trial court manifestly abused its discretion when it invoked the rule of sequestration and had F. F.'s parents removed to a witness room. While the state argues on appeal that F. F.'s mother was not removed from the courtroom because the trial transcript reveals that F. F.'s attorney asked her a question during his opening argument, there is no way for us to know from the trial transcript whether "Ms. Reid," who gave an inaudible response, was, in fact, F. F.'s mother. Both F. F. and his mother testified at the new trial hearing, without any contrary evidence presented, that F. F.'s parents were sequestered and not allowed to sit with him during the trial.

Moreover, the state's main response to this issue during the new trial hearing was that the trial court properly sequestered the parents because they "were witnesses to what occurred," F. F.'s attorney indicated he was going to call them as witnesses, and "it wouldn't have been fair to the State to allow both of these parents to be in the court, listen to the testimony, and then allow them to testify." According to the state's argument at the motion for new trial hearing, the defense could not "have their cake and eat it too"; F. F. could not have his parents remain in the courtroom and testify on his behalf.

Despite the state's claims to the contrary, "a parent is a party to a juvenile proceeding and may not be sequestered, even if the parent is also a witness in the case."[10] This is true whether the juvenile

---

[9] (Citations and punctuation omitted.) *In the Interest of A. A.*, 293 Ga. App. 827, 829 (668 SE2d 323) (2008).

[10] *Appling v. State*, 221 Ga. App. 162 (1) (470 SE2d 761) (1996); *D. C. A. v. State*, 135 Ga. App. 234, 235-236 (1) (217 SE2d 470) (1975).

proceeding is a deprivation hearing or a delinquency proceeding.[11] And, "there must be scrupulous adherence to due process requirements in juvenile court proceedings."[12] We find it is a manifest abuse of discretion to exclude a juvenile's parents from a delinquency trial.[13] F. F. is entitled to a new trial where his parents are present.

3. Based on our decision in Division 2, F. F.'s enumeration of error regarding the effectiveness of his trial counsel is rendered moot.

*Judgments reversed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED MAY 27, 2010.

*John D. Rasnick*, for appellant.
*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.

---

[11] See *Livingston v. State*, 266 Ga. 501, 505 (3) (467 SE2d 886) (1996) (the juvenile code requirements are applicable when a child is taken into custody or temporarily detained, regardless of whether it is for alleged deprivation, delinquency, or unruliness); *In the Interest of J. L. B.*, 280 Ga. App. 556, 557 (2) (634 SE2d 514) (2006) (parents are necessary parties to a delinquency action involving their child).

[12] (Citation and punctuation omitted.) *In the Interest of B. A. H.*, 198 Ga. App. 713, 714 (1) (402 SE2d 791) (1991).

[13] See *Land v. State*, 101 Ga. App. 448, 449 (1) (114 SE2d 165) (1960).